## STIEFFEL v. VALENTINE SUGARS,
### Inc., et al.
### No. 1925.

Court of Appeal of Louisiana. First Circuit.
Dec. 19, 1938.

Hugh M. Wilkinson and Harry Nowalsky, both of New Orleans, for appellant.

Henry & Kelleher and A. M. Suthon, all of New Orleans, for appellees.

DORE, Judge.

This is a rule to tax as costs the fee, in the sum of $500, of Dr. Martin O. Miller who appeared as an expert witness in behalf of the plaintiff. There was judgment in the sum of $150, plus the costs of the rule. Plaintiff has appealed; the defendants have answered the appeal, praying that the judgment be reduced to the sum of $100.

For a statement of the pleadings and facts on the merits, see judgment of this court rendered on June 30, 1937, 175 So. 425, and the judgment of the Supreme Court amending this judgment rendered on January 10, 1938, 188 La. 1091, 179 So. 6.

Dr. Miller examined plaintiff in his office on January 22, 1936, for the purpose of determining the nature and extent of plaintiff's injuries and to serve as a basis for an expert opinion on the extent of the injuries. This examination required about one hour. On January 24th and 25th, the doctor spent another hour in procuring and returning some X-ray pictures of plaintiff which had been obtained by another doctor, and in discussing with this other doctor these pictures. The doctor made another examination of the plaintiff in his office on January 28th and this examination took another half hour.

On April 28th, Dr. Miller was present in the office of Dr. Bradburn for about an hour while the latter doctor made an examination of plaintiff on behalf of defendants. On November 19th, Dr. Miller spent three hours in the office of Dr. Bradburn assisting and advising with the attorney for plaintiff while the deposition of Dr. Bradburn was being taken in behalf of defendants. This was a service rendered the plaintiff and cannot be considered in fixing his fees as an expert. Cutitto v. Metropolitan Life Insurance Company, La.App., 172 So. 812.

On two subsequent dates Dr. Miller lost two more hours in looking for some pictures, and spent another hour on November 24th examining some new pictures of plaintiff with Dr. Bradburn. On November 27th, Dr. Miller gave expert testimony in the office of counsel for plaintiff, the taking of his deposition consuming some three hours. In addition to this, the doctor devoted about six hours in studying books in order to give an expert opinion. Thus, in all, some fifteen or sixteen hours were given to the case by Dr. Miller, none of which time, however, seriously affected his office hours.

While the testimony of Dr. Miller and that of the other experts was valuable in determining the nature and extent of plaintiff's injuries, there was no serious disagreement among the experts relative to these injuries. The decision of the court was based on lay evidence and the nature of plaintiff's employment as much as it was on the medical evidence. Act No. 19 of 1884 authorizes the court to fix the fees of experts with reference to the value of the time employed and the degree of learning and skill required. Dr. Miller's learning and skill is not questioned; but, in compensation cases at least, the law contemplates that the fees of experts shall be reasonable and in line with the purpose of the compensation law—that is to make it as easy and flexible to administer as possible and at the same time secure speedy and fair compensation to the injured employee.

Taking into consideration, then, the above facts, we feel that the amount allowed by the lower court was somewhat inadequate and the allowance should be the sum of $200, the same as was allowed Dr. Unsworth in the case of Cutitto v. Metropolitan Life Insurance Company, La. App., 172 So. 812.

For these reasons, it is ordered that the judgment appealed from be amended by increasing the amount of the fee of Dr. Martin O. Miller to the sum of $200 with costs, and, as thus amended, affirmed.