PROVOSTY, J.
In the above-entitled suit this court heretofore (127 La. 531, 53 South. 852) rendered the following judgment:
“It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that there now be judgment recognizing- the plaintiff, Walter J. Suthon, as owner of the one undivided fourth of the S. E. % of section 25 S., range 9 E., parish of St. Mary, and ordering a partition in kind of the said quarter section of land; that this case be remanded for effecting said partition, and for further trial on the several demands in warranty, with instructions to the lower court to enter judgment in favor of defendant against his vendor, O’Neill, for whatever portion of the price of the sale by O’Neill to the defendant may be found to be properly attributable to the one-fourth interest involved in this suit, and to enter judgment in favor of defendant against Mrs. Emma Brownson and J. S. Martel jointly for the same debt, conditioned that same be executory only if not already paid by O’Neill, and to enter judgment in favor of Walter A. O’Neill against J. S. Martel and Mrs. Emma Brown-son jointly for the same debt, conditioned that said judgment in favor of Walter A. O’Neill shall not be executory until made so on a rule wherein it shall have been made to appear that the said O’Neill has paid the like judgment rendered against him in favor of the defendant Laws; that the defendant pay all costs of this suit, except those pertaining to the partition, which are to be paid in due course.”
The present appeal is from a judgment on a rule to tax the costs under said judgment.
The allegations of the motion applying for this rule are as follows:
That the said judgment was rendered; that the following costs (specifying them) are due in said suit; that J. Sully Martel has agreed to pay all the costs of said suit, but *210 has not done so although amicable demand has been made upon him; and that a rule should issue ordering him to show cause why the above specified amounts should not' be taxed as costs.
The prayer is that the rule issue, and that the said costs be taxed as thus specified, and for general relief.
Before the defendant in rule J. Sully Martel had made any appearance to the rule, the plaintiff in rule filed a supplemental motion alleging that, “through an oversight,” only the warrantor J. Sully Martel had been cited as defendant; but that the warrantors Walter A. O’Neill and Harry L. Laws should likewise have been made defendants in rule, and he accordingly prayed an order also to them to show cause why said costs should not be taxed, “and that on final trial the rule be made absolute, and your petitioner do have judgment against the said J. Sully Martel, Harry L. Laws, and his warrantor Walter A. O’Neill, taxing the above-specified amounts as costs in the above entitled and numbered cause.” And for general relief.
On the day fixed for cause to be shown the defendants for return to the rule filed exceptions ; and, it being required of a defendant on such a rule to show cause that he file all his pleadings at once, they filed also their answer, with reserve of their exceptions.
The defendant Martel filed an exception of no cause of action, and with reserve of this exception filed a general denial.
The defendant O’Neill filed an exception of nonjoinder of proper parties defendant, Mrs. Brownson not having been made a party defendant; and with reserve of this exception filed an exception of prematurity, no judgment having yet been rendered against his condemning him to pay costs, and, with reserve of these exceptions, he answered that the demand of plaintiff was premature for the further reason that the judgment upon which the present rule has been taken does not condemn the warrantors to pay any costs but simply remands the case to be tried on the demands in warranty, and with reserve of these exceptions he denied the correctness of the bill of costs, and reserved the right to call his warrantors Martel and Mrs. Brownson in warranty.
The defendant Laws filed exceptions and answers which are practically duplicates of O’Neill’s.
The rule coming up to be heard, the plaintiff in rule moved the court to dismiss the rule as against the defendants Martel and O’Neill.
The defendants Martel and O’Neill objected to this being done; and the court maintained the objection.
The court overruled the exception based on the nonjoinder of Mrs. Brownson; and also that of prematurity, and sustained that of no cause of action filed by Martel and dismissed the rule as against Martel.
To these rulings O’Neill and Laws excepted ; and at the same time asked leave to cite their warrantors Martel and Mrs. Brown-son, and this was granted them.
They accordingly cited these warrantors.
Martel appeared, and pleaded that the judgment sustaining his exception of no cause of action, and dismissing him from the rule of plaintiff, was res judicata of this demand'in warranty against him; and, furthermore, that this demand in warranty changed the issues raised by the answers of Laws and O’Neill to the plaintiff’s rule upon them.
Mrs. Brownsop made no appearance.
The case was then tried on the merits. The only items of the bill of costs that were objected to as incorrect were those of the fees allowed to W. X. Kemper and Y. E. Smith, civil engineers, as experts. The evidence showed that these engineers were not appointed by the court as experts, but merely summoned as ordinary witnesses.
*212 The court gave judgment in favor of plaintiff against his vendor, Laws, and in favor of the defendants, respectively, against their respective warrantors for the full amount demanded.
From this judgment all the defendants, except Mrs. Brownson, have appealed.
The plaintiff has answered the appeal, asking that the judgment be so amended as to be in solido against all the defendants, and that the appellants be condemned to pay 10 per cent, damages on the amount of the judgment for a frivolous appeal.
[1] We think the defendants O’Neill and Martel are well founded in saying that no judgment has yet been rendered against them. This court remanded the case “for further trial on the several demands in warranty.” This trial has not yet been had, and, as yet, there is no judgment against the warrantors. Costs simply follow judgment; and none can be due until judgment has been rendered. This, however, does not apply as to the defendant Laws against whom there is a judgment. As far as he is concerned, therefore, the exceptions were properly overruled; and we must consider his defense that the bill of costs is incorrect.
[2] The extra pay to these engineers is asked to be allowed under Act 19, p. 25, of 1884, which reads as follows:
“Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations and to state the result thereof, shall receive additional compensation to be fixed by the court with reference to the value of time employed and the degree of learning or skill required.”
The contention made by the learned counsel of Laws is that these engineers do not come within the intendment of this act because they were not appointed by the court as experts and were not summoned as experts, but were summoned as ordinary witnesses.
We do not think that, under this act, it is necessary that the witnesses should have been appointed by the court as experts, or should have been summoned as such. It suffices under the terms of the act that they should have been called to testify only to an opinion, or to the result of scientific or professional examination.
But in the suit in which these engineers were called as witnesses, two issues only were involved: First, whether the land called for by plaintiff’s title was not the N. E. %, instead of the S. E. %, of section 25; and, second, whether the S. E. % of section 25, in case plaintiff succeeded in showing title to it, was divisible in kind without an injurious cantling of tenements.
The first of these issues was not one on which expert evidence could be given, and the witnesses cannot be said to have testified upon it. It was a question to be determined by the court upon an inspection of the titles, and which was in fact so determined.
[3, 4] On the second of these issues opinion evidence was admissible and the witnesses testified; but in the light of our jurisprudence we do not think that persons called upon to give opinion evidence regarding the divisibility vel non of the property involved in a partition suit can claim extra compensation, unless specially appointed by the court as experts. They have been classed as ordinary witnesses. See cases cited in concurring opinion of Bermudez, C. J., in Cameron v. Lane and Husband, 36 La. Ann. 724. We think, therefore, that the allowance of this extra compensation was error, and that the compensation of these engineers must be reduced to that of ordinary witnesses.
As against the defendant Laws the judgment appealed from is reduced to $203.34, and, as thus reduced, is affirmed. As against the defendants Martel and O’Neill, the judgment appealed from is set aside and the exception of prematurity is sustained and the suit is dismissed, appellee to pay costs of appeal.