**CUTITTO v. METROPOLITAN LIFE INS. CO.**

No. 16610.

Court of Appeal of Louisiana. Orleans.

March 8, 1937.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellant.

Edw. M. Robbert and Michel Musson, both of New Orleans, for appellee.

JANVIER, Judge.

Defendant, Metropolitan Life Insurance Company, appeals from a judgment taxing as costs the fees of four medical experts totaling $935.

Mrs. Anna Cutitto, widow of Paul Petta, brought suit on life insurance policies issued by defendant insurance company on the life of her husband. The policies contained provisions under which double indemnity was to become due on death occurring as the result of bodily injury caused by accident.

Petta died as the result of a gunshot wound inflicted by Mrs. Ella Landry Simoneaux, with whom he had been living, and the insurance company paid the face amount of the policies. The beneficiary, Mrs. Petta, then brought suit seeking recovery under the double indemnity provisions of the policy, alleging that the death had resulted from accident. The insurance company resisted, contending that, in the affray from which the death had resulted, Petta had been the aggressor and that Mrs. Simoneaux had shot him because she believed that he intended to kill her and that, since he was the aggressor, it could not be said that his death resulted from accident. There was judgment for plaintiff as prayed for which, on appeal to the Supreme Court, was affirmed. See Cutitto v. Metropolitan Life Ins. Co., 185 La. 161, 168 So. 761.

Plaintiff, in showing that the death had not resulted from an aggressive act of Petta, had relied largely on the testimony of the four doctors whose fees are now involved and had shown by that testimony

that Petta was so nearly blind at the time of the occurrence that he could not have been the aggressor in any such encounter, and also that Mrs. Simoneaux, at the time and previously, had suffered from a mental disorder which rendered her incapable of knowing what she was doing, and that she had shot Petta in a fit of insanity.

Defendant concedes that expert evidence was necessary to the determination of the issues which were involved and that, even though the witnesses were produced by one of the parties and not by appointment by the court, it is liable for reasonable fees for such as gave expert testimony because of the provisions of Act No. 19 of 1884. But it contends that in the case of one of the experts, Dr. Graffagnino, only factual and not expert evidence was given; that in the case of another, Dr. Glenn J. Smith, the fee should not be taxed as costs because he did not himself testify on the rule to tax costs; and that, in the cases of the other two, Dr. Victor C. Smith and Dr. H. R. Unsworth, the amounts awarded should be substantially reduced.

■ That there may be taxed as costs fees of experts called by one of the parties has been many times held. In Levy v. McWilliams et al., 13 La.App. 444, 127 So. 761, 129 So. 170, 171, we said:

"We find, * * * that under Act No. 19 of 1884, as interpreted by the Supreme Court in Suthon v. Laws, 132 La. 207, 61 So. 204, 206, the fees and expenses of experts may be taxed as costs, even though the experts are not appointed by the court, but are summoned as witnesses by one of the parties."

In Suthon v. Laws, 132 La. 207, 61 So. 204, 206, the Supreme Court said:

"The contention made by the learned counsel of Laws is that these engineers do not come within the intendment of this act because they were not appointed by the court as experts and were not summoned as experts, but were summoned as ordinary witnesses.

"We do not think that, under this act, it is necessary that the witnesses should have been appointed by the court as experts, or should have been summoned as such. It suffices under the terms of the act that they should have been called to testify only to an opinion, or to the result of scientific or professional examination."

See, also, Stern v. Lanng, 106 La. 738, 31 So. 303; Egan v. Hotel Grunewald Co., 129 La. 163, 55 So. 750, 753.

■ But we feel that particularly where such witnesses are not appointed by the court but are summoned on behalf of one of the parties, the court should be especially careful to segregate such of their testimony as touches upon the facts from that which is in truth given in their capacities as experts and should make no award for that which merely concerns facts. In Levy v. McWilliams, supra, we said:

"It is very evident, however, that the right of a party to summon so-called experts and to tax as costs their fees and expenses should be supervised most carefully, and that such fees and expenses should be taxed as costs only where it is manifest that the testimony of the witnesses is in reality necessary as elucidating some technical or scientific subject, and that, where the witness is not in reality placed on the stand to give such information, but is, in fact, called to testify as to facts of the case, the fees and expenses of such witnesses should be paid by the party who summons them."

■ We first consider the testimony of Dr. Graffagnino. Long prior to the occurrences which gave rise to the litigation he, as a physician on the staff of the French Hospital in New Orleans, had made a study of Mrs. Simoneaux's physical and mental condition. The testimony which he gave was limited exclusively to the relating of facts which he found concerning her condition at that time. We fail to find in the evidence given by him any opinion or statement except as to actual facts, and we find that the investigation which he made into her mental and physical condition was made prior to the occurrences out of which the litigation resulted, and that those services were, therefore, rendered without any contemplation of the litigation which later developed. We see no reason for the allowance of a fee charged by him as an expert.

■ Dr. Glenn J. Smith, it is conceded, gave expert testimony, but it is contended that no fee should be taxed for the reason that, on the trial of the rule to tax costs, he did not appear and submit himself to cross-examination, but relied on the statement of counsel for plaintiff to substantiate his claim for an expert's fee. It was settled by the Supreme Court, in Egan v. Hotel Grunewald Co., supra, that, where it is sought to tax as costs the fee of an expert, that expert is under the absolute necessity of appearing in person at the trial

814

of the rule to tax costs in order that he may submit to cross-examination. In the Egan Case the Supreme Court said:

"Some of the experts who testified did not appear on the trial of the rule to tax costs and submit themselves to an examination by defendants. The rule should have been made absolute for $351.35."

We are told by counsel for defendant—and counsel for plaintiff in rule concedes that it is true—that in the Egan Case the Supreme Court refused to allow the fees of all experts who did not actually appear at the trial of the rule to tax costs. We feel that we are bound by that action on the part of the Supreme Court, but conclude that, by dismissing the rule insofar as that fee is concerned only as in case of nonsuit, the question of the right of Dr. Smith may possibly again be presented for consideration.

Dr. Unsworth has made a charge of $750 and has testified as to his services rendered both to Mrs. Simoneaux at the time she was a patient in the De Paul Sanitarium prior to the death of Petta and also as to his services rendered to Mrs. Petta as an expert witness in her suit against the Metropolitan Life Insurance Company. He has volunteered the information that, during the trial of the case, he sat with counsel for Mrs. Petta and assisted in the cross-examination of witnesses for the defense. We entertain no doubt that the advice of Dr. Unsworth was of vast assistance to counsel on the trial of the case, and we likewise are certain that the expert advice given by the doctor was of great help to the court. But we feel that, of the charge made, a rather substantial portion must be considered as attributable to the services rendered in the assistance of counsel for plaintiff and that that portion should not be taxed as costs.

We also note that the facts on which Dr. Unsworth based his testimony had been learned by him long prior to the occurrences which gave rise to the litigation in which he testified, and that his knowledge of these facts was gained in the regular course of his employment as a physician at the hospital at which Mrs. Simoneaux was a patient. In determining what should be considered as a fair fee for the expert testimony given by him, we see no reason to take into consideration the services he may have rendered to Mrs. Simoneaux prior to the occurrences which gave rise

to the litigation, nor to make any allowance for the services rendered in treating Mrs. Simoneaux at that time, for the study which he made then and the services which he then rendered, presumably at least, were compensated for at that time. Therefore those matters should not be taken into consideration in determining the fee to which he is entitled as a result of giving expert testimony in the litigation which later occurred. When Dr. Unsworth was called on to testify as an expert, it was not necessary for him to spend any time in studying the facts which he had already ascertained. What he was required to do then was to take into consideration these facts, to study the medical authorities, and reach the conclusions concerning which he testified. This service, of course, was of great value and his ability and experience in such matters cannot be questioned, but we note that only a portion of his testimony was devoted to the expression of opinions as an expert.

Taking into consideration, then, the fact that it was not necessary for him to again make a study of the facts of Mrs. Petta's condition, and also considering the fact that a large portion of Dr. Unsworth's time was devoted to partisan assistance rendered to counsel for plaintiff, we feel that the amount allowed by our brother below was excessive and should be reduced to $200. In reaching this conclusion, we have taken into consideration the fact that Dr. Holbrook, an expert who assisted counsel for defendant and who devoted a great deal of time and study to the case, made a charge against his client of only $300.

We next consider the charge made by Dr. Victor C. Smith. He is an expert oculist, and no question can be raised as to his ability or experience, but we note that a substantial portion of the evidence given by him related to facts which he had learned as the result of prior examinations made of Petta, and we conclude that, of the charge made, only one-half, or $25, should be taxed under the statute which is involved.

Something has been said concerning the right of an appellate court to alter the amount of an expert's fee after it has been fixed by the trial court. The theory underlying this argument is that the court is given much discretion in matters of this kind. We entertain, however, no doubt that an appellate court has the absolute right to alter such an award where the award is obviously excessive or inadequate.

It is therefore ordered, adjudged, and decreed that the judgment appealed from on the rule to tax costs in so far as the fee of Dr. Glenn J. Smith is concerned, be and it is annulled, avoided, and reversed, and it is now ordered that there be judgment dismissing the rule as in case of nonsuit in so far as that fee is concerned; and it is further ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that the rule to tax costs be and it is dismissed in so far as the fee of Dr. Peter Graffagnino is concerned; and it is further ordered, adjudged, and decreed that, in so far as the fee of Dr. Victor C. Smith is concerned, the judgment appealed from be and it is amended by the reduction of the amount of that fee to the sum of $25; and it is further ordered, adjudged, and decreed that, in so far as the fee of Dr. H. R. Unsworth is concerned, the judgment appealed from be and it is amended by the reduction of the amount of that fee to the sum of $200. Defendant to pay all costs of this rule in both courts.