### DUVERNAY v. AIREY. *
#### No. 16531.

Court of Appeal of Louisiana. Orleans.

March 8, 1937.

Chas. F. Fletchinger, of New Orleans, for appellant.

Weiss & Weiss, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment making a rule to tax an expert's fee as costs absolute. Plaintiff, Mrs. Vera Duvernay, wife of Joseph A. Airey, Jr., obtained a judgment of absolute divorce from her husband and was awarded the custody of her minor child, Marguerite Airey. In the judgment of divorce Mrs. Airey was given $150 per month for the maintenance and support of herself and her minor child. During the trial of the case plaintiff employed Meyer Barton, a certified public accountant, to examine the books and accounts of the defendant in order that the extent of Joseph Airey's income could be ascertained and a basis arrived at for the award of alimony, in view of the provisions of article 160 of the Civil Code which limits the amount to one-third of the husband's income. An exhaustive report, evidently the result of a thorough examination of the more or less complicated records of defendant's property and income, was presented to the court by Mr. Barton. For this service a fee of $250 is claimed in the rule and allowed in the judgment below. The defendant resists payment of the fee upon the ground that Barton was not appointed by the court in conformity with articles 440, 441, 442, 443, and 462 of the Code of Practice, and contends that nothing contained in Act No. 19 of 1884 authorizes the taxing of the fee of plaintiff in rule.

Act No. 19 of 1884 reads as follows:

"That witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or

816

to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of the time employed and the degree of learning or skill required."

■ This act has been construed by the Supreme Court and by this court a number of times. Levy v. McWilliams, 13 La.App. 444, 127 So. 761, 129 So. 170; Suthon v. Laws, 132 La. 207, 61 So. 204; McQueen v. Union Indemnity Co., 18 La.App. 612, 136 So. 761; Champagne v. Unity Industrial Ins. Co. (La.App.) 161 So. 52; Lotz v. Polizzoto (La.App.) 161 So. 901; Egan v. Hotel Grunewald Co., 129 La. 163, 55 So. 750; Cutitto v. Metropolitan Life Ins. Co. (La.App.) 172 So. 812, this day decided. We select the following quotation from Suthon v. Laws, supra, quoted by us in Levy v. McWilliams, as typical:

"The contention made by the learned counsel of Laws is that these engineers do not come within the intendment of this act because they were not appointed by the court as experts and were not summoned as experts, but were summoned as ordinary witnesses.

"We do not think that, under this act, it is necessary that the witnesses should have been appointed by the court as experts, or should have been summoned as such. It suffices under the terms of the act that they should have been called to testify only to an opinion, or to the result of scientific or professional examination."

■ Defendant makes the further point that the report or testimony of an accountant, though based upon the highest degree of professional skill, is not "opinion evidence" within the meaning of the act of 1884, and that therefore the benefit of the provisions of that act could not be availed of. If it be conceded that the expert in this case has only offered testimony as to facts found by him as a result of his professional labors, this contention would nevertheless be unsound, for by the very terms of the act "witnesses called to testify in court only to an opinion * * * or to make scientific or professional examinations, and to state the results thereof, shall receive." Moreover, a finding of fact, though expressed in terse sentences and in few words, may be the result of long and arduous labors requiring expert knowledge or skill in an art or science, a result which could not have been produced by less expert and less arduous labors. This is true, we believe, of a certified public accountant most of whose skill and labor is exerted in discovering facts which require little time to express. Such an expert is within the contemplation of the act of 1884 and need not be appointed by the court.

■ As to the quantum, we agree with our learned brother below in his statement that the charge is very modest. The court was enabled to reach a conclusion as to the proper award of alimony very largely, if not entirely, due to the efforts of Mr. Barton, for before the court had the benefit of his testimony there was an apparent showing of a deficit in the income of defendant, whereas it subsequently appeared that his income was in the neighborhood of $5,000 per year.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.

*Rehearing denied April 19, 1937.