While I am in accord with the majority that the plaintiff is entitled to recover the fee charged by him for the professional services he rendered to the defendant, it is my opinion that the court is in error in holding that the two physicians who testified, allegedly as experts, are entitled to have their fees for giving such testimony taxed as costs. Instead of dismissing the rule to tax costs as of nonsuit, I think that the rule should have been dismissed absolutely.
The statute, which authorizes the taxation of expert fees as costs (Act No. 19 of 1884, Dart's Louisiana General Statutes, section 1990), reads as follows: "Witnesses called to testify in court only to an opinion founded on special study or experiencein any branch of science, or to make scientific or professionalexaminations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of the time employed and the degree of learning or skill required." (Italics mine).
It will be noted from the foregoing, that compensation for expert witnesses may be awarded, (1) only in case the opinion given by the expert is founded on a special study or experience in a branch of science, or (2) where he has made a scientific or professional examination and is called upon to state the result thereof.
In the case at bar, the two physicians testifying on behalf of plaintiff were not asked to give their opinion as to the skill used by plaintiff in the performance of the operation or to state whether such operation was successful. The defendant contested neither the skill of the plaintiff or the results of the operation; his sole objection was directed against the amount of plaintiff's fee which, he maintained, was excessive. Hence, the physicians who gave their opinions that plaintiff's fee for the services rendered was fair and reasonable were not giving an opinion "founded on special study or experience in any branch of science" but rather were appraising, in dollars and cents, the price which they considered to be reasonable for the services performed. While their *Page 306 
views on this point were undoubtedly opinion evidence, I cannot see that their evidence was founded upon the special study of the science of medicine. It is only in the latter instance that the evidence is to be regarded expert and taxable, as such, under the statute.
It is generally held by the courts that testimony regarding the value of services rendered is admissible as an exception to the opinion evidence rule. The reason for receiving this type of evidence is not that it is, in truth, expert in character but because the opinion of a qualified witness, who has had experience with respect to the value of services of a certain type, may be such as will aid the judge or the jury in deciding the question under consideration. In 32 Corpus Juris Secundum verbo Evidence, § 545, p. 280, it is stated: "Value is said by some authorities to be a matter of * * * opinion. In any event, it is generally held that the estimate, conclusion, or opinion of a qualified witness as to the value of property or services is admissible to prove such value when such testimony will aid the jury. Where the value can be readily estimated by the jury from facts presented to them, the opinion of a witness is excluded."
With respect to the general qualifications of witnesses testifying to the value of services, the same section of 32 C.J.S. informs, at p. 321: "The witness need not be an expert in the strict sense of the term; nor need he be familiar with the value of such services in more than a general way. However, the witness must be better equipped to determine the value of the services than the jury or men in general; a witness not possessed of special skill, training, or knowledge, is not competent."
It is for this reason that persons engaged in a particular business or profession are qualified to testify as to the value of services rendered by a person pursuing the same line of endeavor. Accordingly, physicians, lawyers or engineers are, in the nature of things, better qualified to testify respecting the value of services of members of their own professions than the ordinary lay witness. However, it is stated in 32 C.J.S., Evidence, § 545, p. 322, that testimony of a physician, relative to the value of another physician's services, is competent only in cases where he is familiar with the value of such services in the locality where they are performed. Cases from California, Connecticut, Wisconsin and Texas are cited in support of the statement of the text.
With respect to opinion evidence by an attorney as to the value of the professional services rendered by another attorney, the Supreme Court of the United States, in Stanton et al. v. Emerey,93 U.S. 548, 557, 23 L.Ed. 983, remarked: "* * * and, for the purpose of aiding the jury in determining that matter, it is proper to receive evidence as to the price usually charged and received for similar services by other persons of the same profession practising in the same court."
Thus, while opinions of qualified witnesses respecting the value of services rendered is generally held to be admissible, it does not follow that such evidence can be considered to be of a scientific nature as contemplated by the statute which permits the taxing of the fees of expert witnesses as costs. In Levy v. McWilliams, 13 La.App. 444, 127 So. 761, 129 So. 170, 171, this court, in considering Act No. 19 of 1884, observed: "It is very evident, however, that the right of a party to summon so-called experts and to tax as costs their fees and expenses should be supervised most carefully, and that such fees and expenses should be taxed as costs only where it is manifest that the testimony of the witnesses is in reality necessary as elucidating some technical or scientific subject, and that, where the witness is not in reality placed on the stand to give such information, but is, in fact, called to testify as to facts of the case, the fees and expenses of such witnesses should be paid by the party who summons them."
It seems quite apparent to me that the evidence elicited from the two physicians, who stated that the fee charged by plaintiff was reasonable, had little to do with the science of medicine. The only reason why their evidence was admissible was because they happened to be doctors who had performed the same operation as the one herein involved and were fully acquainted with the charges usually made by physicians practicing in this locality for such an operation.
In Suthon v. Laws, 132 La. 207, 61 So. 204, 206, the question involved was whether two civil engineers, who had testified concerning the divisibility in kind of real estate, were entitled to have their fees taxed as costs under Act No. 19 of 1884. The Supreme Court, while holding *Page 307 
that their evidence was admissible, rejected the claim on the ground that the evidence was not of a scientific nature as contemplated by the statute. The court said: "* * * we do not think that persons called upon to give opinion evidence regarding the divisibility vel non of the property involved in a partition suit can claim extra compensation, unless specially appointed by the court as experts. They have been classed as ordinary witnesses."
It is difficult to reconcile the view of the majority in this case with that of the Supreme Court in Suthon v. Laws. There, the witnesses, whose fees were sought to be taxed as costs, were unquestionably scientific men, i.e., engineers. Yet the testimony which they gave did not relate to the science of engineering but was merely a statement of their opinion respecting the divisibility of a parcel of real estate. Here, the so-called experts are physicians. But the testimony which they have given is not of a scientific nature. It merely consists of their opinion as to the reasonableness of a charge made for a professional service.
For these reasons, I respectfully dissent from that part of the decree which dismisses the rule to tax costs as of nonsuit, being of the opinion that it should be dismissed absolutely.