REGAN, Judge.
This is an appeal from a judgment ordering the defendants in rule, Dixie Land Company, Inc. and Joseph M. Cortinas, to, reimburse the plaintiffs, Albert Prampin and Achille Prampin, the sum of $469.38, fully itemized in the judgment, representing costs incurred and paid by them in the prosecution of the suits entitled Prampin v. Southern Chemical Works, Inc., La.App., 53 So.2d 210 and Dixie Land Company, Inc. v. Blythe, La.App., 53 So.2d 217, decided by this Court in 1951.
On appeal the only items opposed by the parties cast are:
Survey of property by Guy J.
Seghers, Civil Engineer $130.00
Expert Testimony of Guy J.
Seghers, Civil Engineer 200.00
$330.00
Defendant resists payment of the fee based on the hypothesis that Seghers was not appointed by the court in conformity with the provisions of Articles 440, 441, 442, 443 and 462 of the Code of Practice and insists that the survey and testimony of Seghers, a civil engineer, who qualified as an expert, though predicated upon the highest degree of professional skill, was not opinion evidence or “the result of scientific or professional examination” within the comprehension of Act No. 19 of 1884, LSA-R.S. 13:3666.
Act No. 19 of 1884 provides: ,
“Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of the time employed and the degree of learning or skill required.” .
There no longer exists any valid disputé that fees' of expert witnesses may be taxed, as costs to be paid by the party cast, even though the experts have not been appointed by the court, but have been summoned by one of the litigants. Levy v. McWilliams, 13 La.App. 444, 447, 127 So. 761, 129 So. 170; Suthon v. Laws, 132 La. 207, 61 So. 204; McCoy v. Arkansas Natural Gas Corp., 193 La. 238, 190 So. 391; Penouilh v. Toye Bros. Yellow Cab Company, La.App., 1 So.2d 131.
In Duvernay v. Airey, La.App., 172 So. 815, 816, we quoted the following from Suthon v. Laws, supra:
“ ‘The contention made by the learned counsel of Laws is that these engineers do not come within the intendment of' this act because they were not appointed by the court as experts and were not summoned as experts, but were summoned as ordinary witnesses.
“ We do not think that, under this, act, it is necessary that the witnesses should have been appointed by the court as experts, or should have been summoned as such. It suffices under the terms of the act that they should have been called to testify only to an opinion, or to the result of scientific or professional examination.’ ”
We then said:
“If it be conceded that the expert in this case has only offered testimony as to facts found by him as a result of his professional labors, this contention would nevertheless be unsound, for by the very terms of the act ‘witnesses called to testify in court only to an opinion * * * or to make scientific or professional examinations, and to state the results thereof, shall receive.’ Moreover, a finding of fact, though expressed in terse sentences and in few words, may be the result of long and .arduous labors requiring expert knowledge or skill in an art or science, a result which could not have been produced by less expert and less arduous labors.”
*674 The record shows that the survey of'the property in litigation was initially made at the request' of counsel for plaintiffs and then later revised at the request of the court. Seghers testified that “there was a conflict of different surveys and maps and there were no measurements and angles to go by, it all had to be computed on the ground * * *. The field work alone took two days. I do not know how much research was necessary. There was an accumulation of plans and calculations in preparing this plan which took considerable time.” With respect to his testimony as an expert, he asserted .“If I remember right I was here three days. I think I testified two whole days.” Seghers further stated that he is customarily remunerated at the rate of “$110.00 per day in the field and $100, in the office for consultations.”
The trial judge was of the opinion that Seghers’ fee in the amount of $330 was. reasonable and allowed that sum as a taxable cost, and our analysis of the law together with an examination of the record reveals no error in his conclusion.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.