ELLIS, Judge.
This proceeding is before this court on appeal from a judgment of the lower court at the trial upon a rule nisi praying that the court cost and fees of experts be fixed and taxed. We believe a history of the litigation would impart a clear understanding of the issues before the lower court on the rule nisi to tax costs and the judgment rendered on that rule, as well as the issues before this court and its decision on these appeals. We are indebted to counsel for Cox and Fidelity and Deposit Company of Maryland for such a history in their brief filed in this matter together with transcript pages, which we have checked and omitted, and we quote:
“ * * * A brief history of the matter, as reflected by the pleadings, shows that Ross E. Cox was the Contractor for the construction of a school for the East Baton Rouge Parish School Board and that Miller, Smith and Champagne were the Architects for those works. It shows that the difficulties arose primarily out of two events: first, the flooding of the school property and resulting damages on July 30, 1959, and second, a break in a water pipe under the floor of the gymnasium building on April 23, or 24, 1960.
“The litigation was instituted by a suit by Cox against the School Board for Seventeen Thousand Three Hundred Sixty-Eight and 08/100 ($17,368.08) Dollars, which Cox represented as the balance owed him on the contract. In the alternative Cox sued for damages in the same amount of Seventeen Thousand Three Hundred Sixty-eight and 08/100 ($17,368.08) Dollars against the School Board for breach of contract and in the further alternative made claims against the Architects for damages in the same amount.
“The Architects answered denying the claim.
“The School Board answered denying the claim of Cox and reconvening against Cox and Fidelity and Deposit Company of Maryland (Cox’s surety) for the exact items that Cox had sued the School Board for plus those additional items listed in its petition, the greatest part of which additional items was made up of alleged losses resulting from the pipe break in April, 1960 for which the School Board Claimed:
* * * * * *
“The School Board in the same pleadings made a third party demand against the architect and their insurer, Lloyd’s of London, for most of the items it had claimed of Cox and liis surety plus:
Catch basins with side inlets $2,750.00
650 feet 36 inch sewer 10,190.00
$22,840.00
“The Architects and their insurer answered the third party demands of the School Board.
“Cox’s surety, Fidelity and Deposit Company of Maryland, answered the third party demands of the School Board against it and called Cox in warranty.
“Cox answered the third party demands of the School Board and made supplemental alternative demands against the Architects *670 for most of the increases that the School Board had made against him and his surety-in the School Board’s third party demands, and also called the Plumbing Sub-Contractor, William F. Bernhard, and that SubContractor’s surety, American Automobile Insurance Company, in warranty, and also made third party demands against that SubContractor’s insurer, Hartford Accident and Indemnity Company for any losses that Cox might suffer as a result of the pipe break in April, 1960.
“Sub-Contractor Bernhard, his surety and his insurer answered the call in warranty and third party demands of Cox against them, and made third party demands against the Architects and the Architect’s insurer for damages that might result from the April, 1960, pipe break.”
A number of exceptions were filed and numerous pre-trial conferences were held and a compromise agreement between all the parties in the litigation was executed terminating all the litigation prior to any trial on the merits, except the question of taxation of costs. This compromise agreement was entered into on the 10th of May, 1962 by and between the East Baton Rouge Parish School Board, Ross E. Cox, Fidelity and Deposit Company of Maryland, insurer of Cox, Underwriters at Lloyd’s, London, England, insurer of the architects, Miller, Smith and Champagne, and its partners, William F. Bernhard and his insurer, Hartford Accident and Indemnity Company, and American Automobile Insurance Company, and we now quote the pertinent portions of said compromise:
“WHEREAS, the parties hereto desire to compromise their differences as to the specific items of damages and losses, as set forth in the pleadings, of all of the various parties litigant in the above numbered and entitled cause, and the responsibilities therefor;
“NOW, THEREFORE, in consideration of the premises, and as a full compromise of all of such differences and the responsibilities therefor, the parties hereto do agree as follows:
“1. That the said Ross E. Cox does by these presents give and grant to said School Board and Miller, Smith & Champagne, its partners and said Underwriters at Lloyd’s, London, England, a full release, discharge and acquittance from the claim of $17,367.08 asserted by him in the above numbered and entitled cause against the said School Board.”
“2. That the said Ross E. Cox and the said Fidelity and Deposit Co. of Maryland do by these presents recognize their obligation, in solido, under their contract with said School Board dated December 16, 1957, a copy of which, with change orders, is annexed to the petition of Ross E. Cox in the above numbered and entitled cause, to complete at their own cost and expense, without right of reimbursement, as in-completed items under said contract, those items presently incomplete on the year end warranty punch list, marked Exhibit ‘A’, being a letter dated July 27, 1960, addressed to Ross E. Cox, Contractor and signed by Miller, Smith & Champagne, Architect Engineers, a copy of which is annexed hereto and made a part hereof, less and except, however, Item 1 under the heading ‘Gymnasium’ reading, ‘1. Replace the entire maple floor and repair broken hot water line;’. It being specifically understood and agreed by and between said Cox, said Fidelity and Deposit Co. of Maryland and said School Board that the said year and warranty punch list is to be so completed by said Cox and said Fidelity and Deposit Co. of Maryland under the general supervision and direction of George Rice, Engineer, whose decisions as to the interpretation of the completion of the items of said year end warranty punch list, other than said gymnasium floor and hot water line on said year end warranty *671 punch list, and his interpretation of the plans and specifications in said contract dated December 16, 1957, insofar as said items for which Cox and Fidelity and Deposit Co. of Maryland herein obligate themselves to complete, shall be final; it is further specifically agreed that the Architects (Miller, Smith & Champagne) in said contract, insofar as the completion of items herein referred to on said year end warranty punch list, shall be replaced by said George Rice under the provisions and conditions of this contract.
“3. That the said Ross E. Cox has agreed to pay and does hereby pay unto said School Board, the sum of $11,191.-23 in cash, receipt of which is hereby acknowledged by said School Board, and a full discharge and acquittance granted therefor.
“4. That the said School Board does by these presents, in consideration of the premises, give and grant to said Ross E. Cox and said Fidelity and Deposit Co. of Maryland, a full release, discharge and acquittance from the claim of $60,282.84 asserted in the above numbered and entitled cause by said School Board against said Ross E. Cox and said Fidelity and Deposit Co. of Maryland.
“5. That the said Underwriters at Lloyd’s, London, England, has agreed to pay and does hereby pay unto said School Board, the sum of $22,802.50 in cash, and $500.00, in cash, receipt of which is hereby acknowledged by said School Board, and a full discharge and acquittance therefor granted.
“6. That the said School Board does by these presents, in consideration of the premises, give and grant to said Miller, Smith & Champagne and said Underwriters at Lloyd’s, London, England, a full release, discharge and acquittance from the claims of $56,002.86 asserted in the above numbered and entitled cause by said School Board against said Miller, Smith & Champagne and saU Underwriters at Lloyd’s, London, England.
“7. That said William F. Bernhard and said Hartford Accident and Indemnity Co. have agreed to pay and do-hereby pay unto said Ross E. Cox, the sum of $17,087.50 in cash, receipt of which is hereby acknowledged by said Cox, and a full discharge and acquittance granted therefor.
“8. That the said Cox does by these presents, in consideration of the premises, give and grant to said William F. Bernhard, said Hartford Accident and Indemnity Co., and said American Automobile Insurance Co., a full release, discharge and acquittance from all claims asserted by him in the above numbered and entitled cause against William F. Bernhard, said Hartford Accident and Indemnity Co., and said American Automobile Insurance Co.
“9. All court costs in the above numbered and entitled cause shall be taxed by the court on proper application by any parties litigant in said cause, and said costs shall be taxed against such parties as would have been liable just the same as though this case had been tried and judgment had been rendered herein in the amounts and in favor of the parties receiving such amounts and against the parties paying such amounts as set forth herein; and in taxing such court costs, it is agreed that the estimate of the value of the services of Cox to complete the said year end warranty punch list, as set forth in the said annexed resolution of the School Board shall not be considered as binding on any part hereto. (Emphasis added.)
“Underwriters at Lloyd’s, London, England obligates itself to pay any costs which would have been taxed against Miller, Smith & Champagne, and its partners, pursuant to this agreement and any such rule as may be brought *672 under the terms hereof to tax costs the same as though Miller, Smith & Champagne and its partners were parties to this agreement.”
“It is stipulated that one of the duplicate originals of this agreement shall be filed in the above numbered and entitled cause.”
The question of the court costs was left open and was intended to and is clearly controlled by the compromise agreement as contained in Article 9 thereof. The payments and services referred to in this compromise agreement were paid and performed in accordance therewith, and the sole matters left to the district court were the rules nisi by the School Board and answers thereto by all the parties with regard to fixing the expert fee for George P. Rice, who had been employed by the School Board and which it contended should be fixed in the amount of $5,808.00 and charged as court costs, and the rule by Cox to fix an expert fee of $1967.75 for Sam G. Dupree, and the reconventional demand by Underwriters at Lloyd’s, London, England, to fix as costs expert fee of Toxie Craft at $400.00. Also included in the rule were the costs of the Clerk of Court in the amount of $492.58.
After trial of the rules to fix and tax court costs and with written reasons, the trial court rendered judgment fixing the fee for George P. Rice at $500.00, and the fee for Sam G. Dupree at $150.00, and the Clerk’s and Sheriff’s costs of $492.58 and taxing these amounts as costs against Ross E. Cox and his surety, 1/3; Miller, Smith & Champagne and its insurers, 1/3; and William F. Bernhard and his surety and insurer, V3. From this judgment the School Board first appealed and all of the other parties also subsequently appealed.
Counsel for Cox and Fidelity and Deposit Company of Maryland argue that:
“Everybody in this complicated case was both a plaintiff (either originally or third party), and a defendant (either originally or third party), except the Architects and their insurer, who were only defendants. No trial was ever begun in the main case. Neither Rice, nor Dupree, nor Toxie Craft ever testified even on discovery depositions. Thus, the sole questions before the District Court and this Honorable Court on this appeal are:
“1. Whether expert fees can be taxed as Court costs where the expert never testified.
“2. If so, the amount of such fees.
“3. Whether, a public body is responsible for Clerk’s and Sheriff’s costs it incurred.”
On the other hand, counsel for the School Board counters with the following argument:
“The compromise contract provided that the court costs were to be taxed by the court,
“ ‘ * * * against such parties as would have been liable just the same as though this case had been tried and judgment had been rendered herein in the amounts and in favor of the parties receiving such amounts and against the parties paying such amounts as set forth herein. * * * ’
“In other words, the compromise agreement was to be considered, by the court in taxing the costs, just as though the case had been tried and there had been a judgment which granted amounts in favor of some parties against other parties.
“Accordingly, the costs are to be taxed ‘against such parties as would have been liable’ just as though the agreement had been a judgment rendered after a trial. Considered in this light, it is necessary to ascertain ‘the parties receiving’ and ‘the parties paying’ the amounts set forth under the contract.
*673 “Under C.C.P.1920 the party ‘who would have been liable’ by judgment is fixed as ‘the party cast.’
“The School Board was one of ‘the parties receiving’ under the contract— it was not one of the ‘parties paying.’ Accordingly, no part of the costs, under the compromise, should be taxed against the School Board. Under the law generally also, the School Board, being a public body, is not liable for court costs anyway.”
Counsel for William F. Bernhard and its insurer, Hartford Accident and Indemnity Company[1] takes the position that the trial court erred in fixing and taxing the costs and fees of the experts for preparation to testify, equally among all the defendants because such preparation as to his client took only a very minor portion of the expert’s time and thus the fee should have been assessed against the defendants who were concerned with such preparation and as to whom their opinions would have had application if the matter had been tried. He contends that a study of Dupree’s report in the case shows that he gave no time to investigation of facts for any purpose, nor filed a report concerning the ruptured pipe and all of his work was directed to other phases of the dispute and had he testified he would not have given any testimony with reference to the damage done by the ruptured pipe. He also submits, that the trial court erred in fixing and taxing as costs the fee of George P. Rice, Expert engineer for the School Board against William F. Bernhard and his insurer, and that if any part of Rice’s fee is to be taxed against Bernhard, it should not exceed 5% of the total fees as a review of his testimony on the rule would show that this would have been the percentage of the cost of his time ($240.00) allocated to his study of the ruptured pipe and damages therefrom, to his total charge of $5568.00.
Counsel for Miller, Smith & Champagne and Underwriters at Lloyd’s, London, England, in his brief asserts that as to the expert witness fees allowed for the services of Rice, it is submitted the trial court heard the witnesses and exercised its judicial discretion granted to it by the statutes and jurisprudence, and has equitably and generously allowed the School Board the sum of $500.00 for the services performed by Rice which properly constitute a part of the court costs. However, he does complain of the failure of the court to grant any fee for the services of the expert Toxie Craft, whose bill for $400.00 was introduced in the transcript, and that under the agreement, the architect and its insurer are entitled to an allowance to be included as part of the court costs, and further submits that the court erred in assessing the expert witness fee of Dupree for services performed on behalf of Cox in the amount of $150.00 against his clients, but, in the alternative, if the court should hold that the fee was properly included in the court costs assessed against his clients, then the sum of $150.00 was equitable and generous and should be upheld as a proper award.
We will first discuss the question of whether expert fees can be taxed as court costs where the expert never testified as contended by counsel for Ross E. Cox. We believe, as argued by counsel for East Baton Rouge Parish School Board, that under the compromise agreement the expert fees can be taxed as court costs, although *674 the experts never actually testified other than on the rule to fix the costs.
Without the written compromise agreement in this record, entered into by all the parties to the suit, the expert fees could not be taxed as court costs as there was no trial on the merits and such experts did not actually testify. However, we are in full accord with the interpretation given to the compromise agreement by counsel on behalf of the East Baton Rouge Parish School Board and which we believe is fully substantiated by Paragraph 9 of said agreement that all costs in this litigation shall be taxed by the court on proper application by any parties litigant in said cause, which has been done, and said costs shall be taxed against such parties as would have been liable just the same as though this case had been tried and judgment had been rendered herein in the amount and in favor of the parties receiving such amounts and against the parties paying such amounts as set forth herein, which very clearly means to this court that this compromise agreement must be considered as if this case had been tried and a judgment had been rendered in favor of the parties receiving monies and against the parties paying such monies. This provision is a clear waiver of the necessity of the experts being compelled to give testimony on a trial on the merits as is ordinarily called for by applicable law. This compromise agreement is to be considered under its terms as if the litigation had been tried and a formal judgment had been rendered against Ross E. Cox and in favor of the School Board in the sum of $11,191.23 with a denial of the School Board’s further claim against Cox for $60,-282.84.
The compromise agreement is further to be considered in the same light as a formal judgment having been rendered in favor of the School Board and against the Underwriters at Lloyd’s, London, England, in the full sum of $22,802.50, and an additional sum of $500.00.
It is further to be considered in the light of a formal judgment denying the claims of the School Board of $56,002.86 asserted in this cause by the School Board against Miller, Smith & Champagne and said Underwriters at Lloyd’s, London, England, and dismissing the School Board’s demands as to this item.
Additionally under the terms of this agreement we are to consider Paragraph 7 in the light of a formal judgment after trial on the merits in favor of Ross E. Cox and against William F. Bernhard and Hartford Accident and Indemnity Company in the sum of $17,087.50.
A compromise and settlement of a law suit with a provision as set forth in Article 9 that all court costs in the compromise and settled litigation “shall be taxed by the court on proper application by any parties litigant to said cause, and said cause shall be taxed against such parties as would have been liable just the same as though this case had been tried and judgment had been rendered herein in-the-amounts and in favor of the parties receiving such amounts and against the parties paying such amounts as set forth herein; * * * ” is legal and binding upon the parties.
Therefore, we will consider the question of the fixing and taxing of expert fees in contest herein in the light of the compromise agreement and as if this case had been tried and judgment had been rendered herein in the amount and in favor of the parties receiving such amounts and against the parties paying such amounts, all as set forth above, supra.
We will next consider the question of whether a public body is responsible for clerk’s and sheriff’s costs it incurred. We believe the Supreme Court of Louisiana, with Justice McCaleb as the organ of that court, definitely and positively settled this question in Gulf Shipside Storage Corpo *675 ration v. Thames, 217 La. 128, 46 So.2d 62 at page 66, and we quote:
“Finally, counsel contend that the court below erred in casting defendant for plaintiff’s costs. Section 13 of the Act provides that the Administrator shall not he required to ‘ * * * pay any costs of court in any legal proceedings, * * * Plaintiffs maintain that this provision, when read with other provisions of Section 13 which relieve the Administrator from furnishing bond, etc., merely exempt him from payment of court costs for filing suit and that it was never intended that he should not be assessed with the costs of a successful adversary.
“Plaintiffs’ contention is not tenable. The provisions of Section 13 of Act No. 291 of 1948 are quite similar to those of Act No. 135 of 1936 which exempt the State and other political subdivisions from the payment of costs in any judicial proceeding. The point tendered, that the provisions do not relieve the Administrator from payment of the costs of a successful opponent, would be interesting in a matter of first impression but it is now firmly established that the State and its political subdivisions are exempt from payment not only of their own costs but also for costs expended by litigants successfully prosecuting claims against them, except in expropriation proceedings. See Westwego Canal & Terminal Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389; Harrison v. Louisiana Highway Commission, 202 La. 345, 11 So.2d 612; Makofsky v. Dept. of Highways, 205 La. 1029, 18 So.2d 605; Hamberlin v. Tangipahoa Parish School Board, 210 La. 483, 27 So.2d 307 and Brasher v. City of Alexandria (on first hearing), 215 La. 887, 41 So.2d 819.”
Also see the opinion of this court in the case of East Baton Rouge Parish School Board v. Ford, La.App., 76 So.2d 20, in which we followed the express holding of the Supreme Court in the Thames case.
Therefore, the School Board in this case is exempt from payment, not only of their own costs, but also for any costs expended by the other litigants in this suit, even had they been successful in prosecuting their claims against the School Board. It is true that a portion of the School Board’s demands against some of the litigants were rejected in the compromise agreement and are to be considered under this agreement as rejected after a trial and rendition of a judgment, but the School Board was successful in receiving monies and rejection of all claims for the payment by it of monies to any of the litigants.
We must now determine the amount to be awarded to the experts, if any, in this case. We do not believe there is any necessity for a prolonged or detailed discussion of the facts of the case, especially as we are in accord with the law applicable to the taxing of costs which is cited by the court in its written reasons, as well as the summation of the facts in the record in order that he might differentiate or arrive at some idea of the time used in the preparation for testifying in court and time allowed for appearance in court as distinguished from the time spent by the expert in collecting facts which might assist his client in the preparation of the case. In the latter, the time spent by the expert is not taxable as court costs. See Berry v. Higgins, Inc., La.App., 136 So.2d 170; Penouilh v. Toye Bros., La.App., 1 So.2d 131; Suthon v. Laws, 132 La. 207, 61 So. 204; Laird v. Flournoy, La.App., 11 So.2d 84; Delpido v. Colony, La.App., 52 So.2d 720; Cutitto v. Metropolitan Life Ins. Co., La.App., 172 So. 812; Levy v. McWilliams, 13 La.App. 444, 129 So. 170; Crichton v. Krouse, La.App., 150 So. 443; Succ’n of Franz, 133 So.2d 140; Recreation and Park Commission of East Baton Rouge Parish v. Perkins, 231 La. 869, 93 So.2d 198.
*676 Upon the question now under consideration we quote with approval the pertinent portion of the written reasons for judgment by the learned judge of the District Court as follows:
“Paragraph 9 of the agreement and stipulation provides in part as follows:
“ ‘9 All Court costs in the above numbered and entitled cause shall he taxed by the court on proper application by any parties litigant in said cause, and said costs shall be taxed against such parties as would have been liable just the same as though this case had been tried and judgment had been rendered herein in the amounts and in favor of the parties receiving such amounts and against the parties paying such amounts as set forth herein; * * ’.
“The law applicable to taxing as cost the fee of expert witnesses called to testify is stated without ambiguity in R.S. 13:3666 and the case law arising thereunder. In the case of Recreation and Parks Commission vs. Perkins, 93 So.2d, 198 [231] La. 869, the law was stated as follows:
* * * We have examined these cases and find that an expert is entitled to a fee for the time used in preparation for testifying in court and for time allowed for appearance in court. * * * ’
“Article 1920 of the Code of Civil Procedure provides in part as follows:
“ ‘ * * * Except as otherwise provided by law the court may render judgment for cost or any part thereof against any party as it may consider equitable.’
“The fact that the stipulation obviates the necessity of the witnesses actually testifying also creates a problem for the Court in fixing the expert witness fees. In some cases this Court has heard experts and has, in part, based its expert witness fee award on the value of the testimony to the Court. In other cases the Court after having heard the witness testify had concluded that the greatest part of the testimony given by the expert was not, in fact, expert testimony, but nothing more than lay testimony given by an expert. This has in one instance influenced the Court in its refusal to award an expert a witness fee.
“It is also obvious that all the information in the report prepared by Mr. George Rice was not of such a nature that its discovery and resulting compilation thereof depended upon any high degree of skill or technical knowledge. However, insofar as Mr. Rice is concerned, the Court would have to he naive to conclude that his employment and a portion of his preparation was not for the purpose of being called as an expert witness, notwithstanding his testimony seemingly to the contrary. His testimony that he was employed to make an investigation to get the facts only strengthens the Court’s conviction that much of his work done in advance of trial was for the benefit of counsel in the preparation of his case. But in any event, because the witness did not testify the problem of fixing the amount of the fee is most difficult.
“It has been suggested that the Court should assess the costs based on the amount of money exchanged in the settlement; there is a most enlightening argument about who was substantial winner or loser in this compromised suit all bearing upon the question of how to assess costs; there has been examination into how much of Mr. Rice’s report had to bear on the particular activity of the party sought to be made liable in the suit as a basis for assessing cost. It is also suggested that each party pay his own engineering costs, which the court has leaned most heavily toward, especially since the fixing of the expert witness fee by the *677 Court in this case is at its best arbitrary.
“However, based on the Court’s knowledge of all the negotiations pretrial conferences, the amounts paid by each party, and the stipulation entered into by the parties, the Court fixes as costs the fee of Mr. George Rice at the sum of $500.00 and the fee of Mr. Sam G. Dupree at the sum of $150.00. The Clerk’s and Sheriff’s costs in the sum of $492.58 is also assessed as costs * * (Emphasis added.)
The Court said nothing about the expert fee claimed for Toxie Craft by counsel for the architects and Underwriters at Lloyd’s, London, England. It is obvious that this civil engineer and surveyor made a boundary line survey for which he charged $200.00 and then levels around the athletic track, spot checked elevations on the property and hydraulic computations for which he charged $200.00, or a total of $400.00. He did not do so for the purpose of preparing himself to testify. He did not testify on the rule, and while it is mildly argued in brief of the architects that they and their insurer are entitled to an allowance to be included as part of the court costs, there is not one statement in the record nor in its brief- that the services rendered were done for the purpose required by law before such costs can be taxed as court costs.
We next come to the question of the parties that should bear the payment of the fees of the experts as fixed by the lower court and approved of by this court in the sum of $500.00 and $150.00 and $492.58. We do not believe that the costs should be divided equally amongst the litigants of Ross E. Cox, Fidelity and Deposit Company of Maryland, the architects, and Underwriters at Lloyd’s, London, England, and William F. Bernhard, and Hartford Accident and Indemnity Company. We believe that the costs should go with the judgment, and accordingly it is ordered, adjudged and decreed that there be judgment in favor of the School Board for its expert fee in the sum of $500.00, against Ross E. Cox and his bondsman, Fidelity and Deposit Company of Maryland, and Miller, Smith & Champagne and the Underwriters at Lloyd’s, London, England, to be paid the amount of one-half by each.
In view of the fact that Ross E. Cox received $17,087.50 from Bernhard and Hartford Accident and Indemnity Company in the compromise and in answering the rule to fix costs alternatively asked that any part of the fee of Rice which might be taxed as court costs against him be taxed as court costs in his favor and against Bernhard, Hartford Accident and Indemnity Company (and other litigants but from whom he received no money), we hereby grant such request and judgment is rendered in favor of Ross E. Cox and against William F. Bernhard and Hartford Accident and Indemnity Company in the sum of $250.00, which was the amount of costs taxed in favor of the School Board and against Cox for his portion of the fee of Rice.
Cox is further entitled to a judgment for the fee of Dupree in the amount of $150.00 against William F. Bernhard and Hartford Accident and Indemnity Company.
It is therefore ordered that there be judgment in favor of Ross E. Cox and against William F. Bernhard and Hartford Accident and Indemnity Company in the sum of $400.00.
As to the Sheriff’s and Clerk’s costs of $492.58 the judgment of the trial court is affirmed.
As amended the judgment of the trial court is affirmed.
Amended and affirmed.