REGAN, Judge.
This case and that of Albert Prampin and Achille Prampin v. Southern Chemical .Works, Inc., and Joseph M. Cortinas, No. 19,699 of the docket of this Court, were consolidated. The facts, in connection with both cases are set forth in detail in Prampin v. Southern Chemical Works, Inc., La.App., 53 So.2d 210, this day decided.
Plaintiff, the Dixie Land Company, Inc. an assignee or transferee of the Southern Chemical Works, Inc. of Lots 1 and 2 in Square 4837, instituted this suit against the defendants, Albert and Achille Prampin and Joseph A. Blythe, endeavoring to quiet and confirm its tax title, emanating from the sale of the property for the unpaid City taxes for the year 1932; and additional “tax titles” encompassing sales to the plaintiff for unpaid State taxes for the year 1933, assessed in the name of Joseph A. Blythe, and covering Lots “A” or “J”, 1, 2, 27, 28 and 29 of Square 1, Spanish Fort Subdivision, and of other lots in the same and adjacent squares in which the Prampins have no interest. It appears that in this connection the principle interest of the Prampins arises from the effort of plaintiff to quiet its tax titles for the year 1933 to lots “A” or “J”, 1, 2, 27, 28 and 29, because these lots in whole or in part, seem to fall within or overlap Lots 1 and 2 according to the Surveys in the record of Guy Seghers, dated March 23rd, 1948, and of M. T. Ducros. In other words, Lots 27, 28 and 29, described as being in Square 1 of the Spanish Fort Subdivision, are in the rear of Lots 1 and 2 of Square 4837 and they overlap Lots 1 and 2 or fall within the fences surrounding the property of the Prampins.
Defendant, Blythe, filed exceptions which were overruled and then answered denying the pertinent allegations of plaintiff’s petition.
Defendants, Albert and Achille Prampin, also filed exceptions, which likewise were overruled, and then answered denying the material allegations of plaintiff’s petition. They reconvened and prayed that they be declared the owners of Lots 1 and 2 of Square 4837 and that the tax title which Dixie Land Company, Inc. acquired from Southern Chemical Works, Inc. to Lots 1 and 2 be declared a nullity and that the “patent” acquired by Cortinas to Lots 1 and 2 be likewise decreed a nullity and finally that insofar as Dixie Land Company, Inc. claimed ownership, by virtue of its tax titles, to Lots “A” or “J”, 1, 2, 27, 28 and 29, that the same be ineffective as against the prescriptive rights “acquirendi causa” of more than thirty years of actual physical possession by the Prampins, of all property contained within their fences, or within Lots 1 and 2 of Square 4837, as indicated on the survey of Seghers, dated March 23rd, 1948.
Thereafter plaintiff, Dixie Land Company, Inc., dismissed its suit, as to both the Prampins and Blythe as of non-suit, and without prejudice to the reconventional demand of the Prampins.
The court, a qua, rendered judgment in favor of the Prampins as prayed for in their reconventional demand, holding that insofar as any of the described lots, contained in and referred to as being situated in Square 1, Spanish Fort Subdivision, all as is more fully delineated on the blue print of survey of Guy Seghers, fell within the fences of the Prampins, they had title thereto by virtue of the prescription of thirty years physical possession “acquirendi causa.”
The court, a qua, also recognized and rendered judgment in conformity with the stipulation between respective counsel for the Prampins and Dixie Land Company, Inc., relative to the payment of an arbitrary sum for taxes, which stipulation is set forth in more detail in the case of Prampin v. Southern Chemical Works, Inc.
We are of the opinion, as was the court, a qua, that Albert and Achille Prampin have established title to Lots 1 and 2 in Square 4837 by a chain of title running back to 1902 by various conveyances, transfers, acts of sale and judgments of possession; and while they have set up title in *219 themselves back to the year of 1902 by exhibits of record in these suits, they have, moreover, and beyond any title rights and claims, established and proven actual physical possession of the property in themselves and their ancestors in title, at least to 1902. The proof of their possession was not only made by competent witnesses conversant with the facts, but the proof was furnished by documentary evidence binding upon Dixie Land Company, Inc. and upon Joseph A. Blythe, and upon Blythe’s ancestors in title, back to the succession of one Lloyd Posey, who is the direct ancestor in title to Blythe, to all the lots claimed by Dixie Land Company, Inc., situated in Square 1, Spanish Fort Subdivision.
The map of Devereaux O’Reilly, Surveyor, contained in the record, was made in connection with the Succession of Pos-ey; O’Reilly was appointed by the court to establish the extent of Section 10, in Township 12 East, in which the Succession of Posey claimed it owned about thirty acres of land. This map drawn by O’Reilly shows the property of the Prampins within fences when he drew the map in about the year of 1914.
The testimony of Albert Prampin and his witnesses stand uncontradicted in the record to the effect that the fences were not moved from their present location, since 1888 -to date; and that the house (pictures of which appear in the record) was situated in its present location also since the year 1888 to date.
Guy Seghers, Surveyor, testified that he first became acquainted with the property in 1917 when he assisted his brother in making a survey at the request of Mrs. McClelland, a sister of Mrs. Louisa B. Prampin, and that he had no reason to believe that either the house or the fences were changed, as to their present location since the year 1917.
While the Prampins did not endeavor to establish a documentary title to the property contained within their fences, other than to Lots 1 and 2 in Square 4837, the court, a qua, was of the opinion, which we share, that the Prampins have successfully proven the prescription of thirty years, “acquirendi causa” dating back at least to the year 1888.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.