JANVIER, Judge.
This is an action by the City of New Orleans to establish the boundary between certain property owned by it and other property once belonging to Salcedo Oil Co., Inc., and now belonging to Jacob F. Weick, Jr.
At the time of the filing of the suit Salcedo Oil Co., Inc., was in liquidation and Jacob F. Weick, Jr., was liquidator. Therefore the suit was filed against him as liquidator. He was majority stockholder and has since acquired all of the stock of the other stockholders and is now sole defendant.
The property of the City of New Orleans is described as follows:
*157 “A certain piece or parcel of land, situated in the First District of the City of New Orleans, said parcel being a part of Square No. 512, which is bounded by Calliope, Salcedo, Clio and Lopez Streets, said parcel being bounded and described as follows:
“Beginning at the northwest corner of said Square No. 512; thence southeasterly along the northerly property line of said square, a distance of two hundred and ten feet, six inches and seven lines (210', 6" 7'"), more or less, to the northeast corner of said square, said northerly property line of said square being also the southerly property line of Calliope Street; thence southwesterly along the easterly property line of said square, a distance of twenty six feet, eight inches and six lines (26', 8" 6"'), more or less, to the Illinois Central Railroad Company’s southerly right-of-way line as now located; thence westerly along said southerly right-of-way line on a curve to the left having a radius of 905.37 feet, more or less, for a distance of two hundred thirty-six feet, four inches and five lines (236', 4", 5"'), more or less, to a point in the westerly property line of said square, said point being one hundred thirty-two feet, five inches and five lines (132', 5", 5'"), more or less,' southwesterly from the northwest corner of said square, said westerly property line of square being also the easterly line of Lopez Street; thence northeasterly along said westerly property line of square, a distance of one hundred thirty-two feet, five inches and five lines (132', 5", 5"'), more or less, to the point of beginning, containing an area of fifteen thousand five hundred fifty-one (15,551) square feet, more or less.
“Being the same property acquired by the City of New Orleans from the Illinois Central Railroad Company, et al., by an Act of Exchange passed before Jacob H. Morrison, Notary Public, on September 8, 1949.” (Reg. C.O.B. 567-A, Folio First Document).
The property of Weick is described as • follows:
“Those portions of ground, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging, or in any wise appertaining, situated in the First Municipal District of the City of New Orleans, in Square 512, bounded by Lopez, Salcedo, Clio and Calliope Streets, and designated by the Nos. 8, 9, 13, 14, 15, as per plan of W. J. Warren, C.E., dated May 15, 1921, blue print of which is annexed hereto, as follows:
“Lot No. 8, measuring 26 feet, 9 inches front on Salcedo Street, by a depth of 105 feet, 3 inches and 3 lines less portion occupied by right-of-way of the Illinois Central Railroad Company.
“Lot No. 9, measuring 26 feet, 9 inches front on Salcedo Street, by a depth of 105 feet, three inches and three lines on the side line of Lot No. 8, and an irregular depth on the line of the right-of-way of the Illinois Central Railroad Co.
“Lot No. 13, measuring in the rear 26 feet, 9 inches, and of an irregular measurement along the right-of-way of the Illinois Central Railroad Company, being all of the unsold portion of said lot not owned by the Illinois Central Railroad Company for its right-of-way, said lot fronting on Lopez Street, all as per plan attached.
“Lot No. 14, measuring in the rear along the line of Lot No. 7, 26 feet, 9 inches, and of irregular measurements on the other lines, being all of said lot less that portion owned by the Illinois Central Railroad Company for its right- *158 of-way, said lot fronting on Lopez Street, as per plan attached.
“Lot No. 15, measuring 19 feet, 6 inches front on Lopez Street, by a depth ■of 105 feet, 4 inches on the side line of Lot 16, and 26 feet, 9 inches in width in the rear, and an irregular depth on the side line of Lot 14, being all of said lot less that portion owned by the Illinois Central Railroad Company for its right-of-way.
“Being the same property acquired by Salcedo Oil Co. Inc. from Puritan Co. Ltd., by act before Gabe Fernandez Jr., a Notary Public, dated April 28, 1927.” (Reg. C.O.B. 430, fo. 45)
The Weick property at one time belonged to Quaker Realty Company, Ltd., and the property of the City of New Orleans was acquired from the Yazoo & Mississippi Valley Railroad Company, (now the Illinois Central Railroad Company). The dispute is over the curved boundary line between the two properties, which boundary admittedly is somewhere in Square 512 which is bounded by South Salcedo, Calliope, South Lopez and Clio Streets.
The City of New Orleans has appealed from a judgment of the Civil District Court for the Parish of Orleans establishing the boundary in accordance with the sketch of survey of E. L. Eustis, Surveyor appointed by the Court and fixing the fee of the surveyor at $300.
All surveyors agree that the boundary is the edge of the right of way of the railroad company and that a determination of where the disputed boundary should be depends upon the proper location of the said edge of the right of way.
It is the contention of defendant Weick that the proper boundary is shown on a sketch of survey made by W. J. Warren, and on another sketch of survey made by E. L. Eustis, which sketches show the edge of the right of way and also show the center of the railroad track, but do not show the edge of the right of way as being exactly 50 feet from the center line of the railroad.
These two surveys agree that on the South Lopez Street side of the square the curved line represents the boundary between the properties and therefore the edge of the right of way crosses the property line of South Lopez Street on Lot 15 at a point 19' 6" from the division line between lots 15 and 16, and that, on the South Salcedo Street side of the square, the curved line crosses the property line on lot 10, 8' 6" from the line between lots 9 and 10.
On the other hand, the City maintains that the proper boundary is shown on a sketch of survey made by F. C. Gandolfo, dated June 8, 1954, on which sketch the edge of the railroad right of way, and consequently the boundary between the properties of the parties, crosses the South Lopez Street property line in lot 15, but only 6' 3" 5"' from the division line between lots 15 and 16, and that the curved line representing the edge of the right of way, and therefore the boundary between the two properties, crosses the property line of South Salcedo Street in lot 10 at a point 5' 10" from the division line between lots 9 and 10.
When we use these sketches — those relied upon by defendant and that relied upon by the City, we find that the strip of property which is in dispute is shown between two curved lines which do not curve on the same radius and that this strip of property measures on the South Lopez Street property line 13' 2" 2/" — though measured as what may be termed a right angle between the two curved lines, the distance is only 10' 10" 3'". On the other, or South Salcedo Street, this strip which is in dispute measures along the property line 2’ 8" in width.
Were it not for the fact that this identical boundary has been fixed in a judicial proceeding, and the fact that in that proceeding it was fixed in accordance with *159 the center line of the railroad track of the Yazoo & Mississippi Valley Railroad Company, it would be proper to say that the boundary should be established by reference to other marks, such as an old stake and an old pipe which were found by Warren and were confirmed by Eustis. However, in the judicial proceeding' to which we have referred, H. Osborne Stark, Administrator, praying for a writ of possession, being No. 101,432 of the docket of the Civil District Court for the Parish of Orleans, the property of the railroad company, of which the City is now the owner, was found to be a right of way 100 feet in width, being SO feet on each side of the center line of the track.
In that proceeding the defendant was Quaker Realty Company, Ltd., which is an ancestor in title of defendant Weick and, since in that proceeding, the boundary was fixed and for certain other reasons which we shall now set forth, we feel that that is the boundary which must govern in this matter.
The record convinces us that there now remain sufficient of the old crossties, fish plates and other indications of the location of the track to make it possible to locate that center line, and if it be located, we are convinced that the edge of the right of way, if measured at 50 feet from that center line, would be on the line contended for by the City, and it would thus be indicated that the property now in dispute was within the right of way of the railroad and was acquired by the City.
The other reasons are that, in several leases and spur track contracts with Salcedo Oil Company, a portion of the identical property now in dispute was shown to belong to the railroad, and it is not disputed that, when these contracts were entered in-, to, Salcedo Oil Company made no protest to the effect that it owned the property shown in those contracts as belonging to the railroad.
Since E. L. Eustis, Surveyor, was appointed by the Court, his fee should be taxed as costs even though the survey made by him is not accepted as showing the correct boundary.
The fee was fixed in accordance with LSA-R.S. 50:283 wherein there is no provision to the effect that the fee is to be taxed only if the opinion of the expert is accepted.
In Penouilh v. Toye Bros. Yellow Cab Co., 1 So.2d 131, 133, we held that the fee of an expert should be taxed as costs “even though his opinion was not accepted by the court and even though, on the issue concerning which he testified, defendants were successful.”
It is therefore ordered, adjudged and decreed that in so far as the judgment appealed from fixes the fee of E. L. Eustis, Surveyor, at $300 and taxed that fee as costs, the judgment is affirmed. In all other respects the judgment is annulled and reversed, and there is now judgment in favor of the City of New Orleans and against Jacob F. Weick, Jr., establishing the boundary between the property of Weick and the property of the City of New Orleans in accordance with the sketch of survey of F. C. Gandolfo, dated June 8, 1954, in accordance with which sketch the said boundary is represented by a curved line which on South Lopez Street, crosses the property line of Lot 15, six feet three inches and five lines (& 3" 5"') from the division line between Lots 15 and 16 and on South Salcedo Street crosses the property line of Lot 10, five feet, ten inches (5r 10") from the division line between Lots 9 and 10.
Defendant Weick is to pay all costs.
Affirmed in part; reversed in part.