PROVOSTY, C. J.
The plaintiff in the above-entitled cause applied to this court fori review of the refusal to the two judges of the lower court to recuse themselves in said cause. In his petition to this court he made allegations which our brethren below took to be in contempt of their court; and thereupon, on motion of the district attorney, they ruled him and his attorney, L. H. Gosserand, Esq., into court to show cause why they should not be punished for contempt. Among other defenses the latter showed that the said allegations do not constitute a contempt of said judges.
The said allegations were as follows:
“That Hon. II. N. Gautier and Hon. P. E. Edrington are both disqualified from taking judicial cognizance of this cause, by reason of the' fact that each signed a petition for the recall of the plaintiff and each took part in a discussion relative to this recall, at which said movement for recall was hatched, both being in-favor of said recall.”
“Your relator avers that the attention of' Hon. H. N. Gautier was directed, by counsel for the relator, to the fact that such a proceedings was unheard of, was absurd, ludicrous, and beyond the bounds of reason; that the trial of a motion for recusation in a cause could not possibly have any effect after the cause at issue had been disposed of.”
[1] More often, than not the petitions to this court for writs of review are not mere petitions, but arguments as well; so that more latitude must be allowed in the language used in them than might be tolerated' in an ordinary petition. Of course, a written argument may be required to be more-guarded and temperate in its expressions than a spoken one, since there is better opportunity for deliberation; still the pleader or orator may not be debarred from the use of those words which to his mind, and within reason, are the most apt for conveying his ideas; or from the use of strong expressions if for the honest purpose of more effectually enforcing the thought and impressing the court. Moreover, this court knows that there is little time for the preparation of these petitions for review; so that they are prepared hastily, with the result that the heat of contest tends to inflame the language. No doubt, more parliamentary terms than “unheard of, absurd, and ludicrous” might have been used without loss of effectiveness in referring to the ruling complained of, but those words did not arrest our attention as transcending the allowable latitude.
The word “hatch” in the other paragraph did give us pause; but we concluded that, after all, if the “movement for recall” in question had originated at the meeting in *621 question, tliere was perhaps no inappropriateness in saying that it had been there hatched.
This is said in explanation of our haying entertained the petition, and not required it to be returned to the petitioner.
[•2] Upon the question of law whether expressions used in pleadings or argument, oral written, in this court, in complaining of ruling of a trial court, are punishable the trial court for contempt, we are clear that they are not. They partake of the naof privileged communications, so far as trial court is concerned. If they are reprehensible, the proper tribunal to take action upon them is this court. 13 Cyc. 32; notes and 74.
The point is made by the respondent Judges that this court cannot, or will not, interfere in the present case even though their action in the premises was without authority; but this is done, we assume, merely whatever the point may be worth, and very seriously.
The judgment condemning the relators for ■contempt is therefore annulled, and the rule against the relators for contempt is discharged.