SAVOY, Judge.
This suit was instituted by plaintiff against defendant in tort for removal of dirt by defendant, a commercial partnership, from one of two contiguous lots owned by plaintiff in the City of Natchitoches, Louisiana, early in the year 1957.
Defendant filed an exception of prescription alleging that the dirt was removed with the knowledge and consent of plaintiff’s agent, Laura Provoe, more than one year prior to the filing of the suit.
Defendant also filed an answer denying generally all of the allegations of plaintiff’s petition and alleging further that permission to remove the dirt had been obtained from plaintiff’s agent; that plaintiff had sustained no damages.
The exception of prescription was referred to the merits. After a trial on the merits the district court rendered judgment in favor of plaintiff and against defendant in the sum of $400.
Plaintiff has appealed from the judgment of the lower court seeking an increase in the award and asking that the fees of the surveyor who testified on behalf of plaintiff at the trial be fixed by this court. Defendant answered the appeal, praying that the judgment of the lower court be reversed.
The defendant contended that plaintiff should not recover damages in the instant case for the reason that defendant obtained permission from plaintiff’s agent, Laura Provoe, to remove said dirt. The trial judge found from the evidence that the plaintiff had not granted Laura Provoe power of attorney to remove the dirt from his premises, and therefore, she was not his agent for that purpose. The record reveals that plaintiff did not know about the removal of the dirt until it had been removed by defendant.
Plaintiff contends that both of the lots are useless to him because of the removal of the dirt by defendant; that the rear lot is inaccessible due to a high bank left when the dirt was removed from the front lot.
Defendant takes the position that plaintiff has suffered no damages because of the removal of the dirt, as the removal of the dirt and the grading of the front lot enhanced the value of both lots.
The evidence discloses the following facts:
The front lot faces on Caspari Street in Natchitoches and is 74 feet wide and 106 feet deep. The rear lot adjoins it and is 67.6 feet by 138.3 feet. The two lots join each other so as to form an “L” shaped tract when taken together as a single tract. *558 The rear lot has no street frontage. Plaintiff purchased the two lots for $250 each, the front lot in 1940 and the rear lot in 1937. The rear lot has a building on it which was at one time occupied by plaintiff as his home and which he rented for a time after moving to California. It has been unoccupied since 1954, is in disrepair and should be considered of nominal value.
Plaintiff’s witnesses included two retired real estate men, who valued the total property at $3,000 before the excavation and $1,000 afterwards; a surveyor, who estimated the amount of dirt taken at 2178 cubic yards; and a sand, gravel and dirt hauling contractor who estimated a cost of $2200 (2200 cubic yards at $1 per yard) to replace the dirt taken. ■
Defendant’s witnesses included defendant’s agent who arranged with Laura Pro-voe for the taking of the dirt, who is also in the real estate business, and who testified, inter alia, that he had purchased a comparable lot in the immediate neighborhood a few months before trial for $400, and who felt that plaintiff’s property as a whole was worth $1200 before the excavation and $1500 afterwards; another real estate man who felt that the rear lot decreased in value by $100 and that the front lot increased in value from $500 before the excavation to $600 afterwards, his figures being derived from comparable area sales and an analysis of the subject property; and the testimony of one of the partners in the defendant partnership who testified that they had removed only about 1200 yards of dirt at most, that it would cost about $1,000 to completely replace all dirt removed, and that it would take a maximum of 200 yards of dirt to construct an inclined driveway from the front lot to the level of the rear lot.
It is further apparent from the record that before the excavation the front lot was elevated some four feet or more above the level of Caspari Street and sloped gradually upward to its meeting with the rear lot. After the excavation it was cut down more or less even with Caspari Street and was graded flat, leaving a clay base. At the line between the two lots, there is, of course, a steep rise of some eight to ten feet separating the present level of the rear lot from that of the front lot.
Wide differences of opinion exist between-the witnesses. Some felt the value had been increased; others said it was decreased. There is also a wide variance of opinion on what the property is worth on the open market, although from comparable sales reflected by the record, it appears quite definite that a lot of similar size in the vL cinity would bring from $400 to $600.
It could well be argued that the grading and leveling of the front lot is an advantage over what it was originally. On the other hand, the present surface is clay and would no doubt need some filling with dirt to adequately support grass, shrubs and the-like, and in addition access to the rear lot-has been made more difficult than it was..
Mr. G. T. Netherton, one of the partners made defendant in the instant case, admitted that it would cost $1,000 to place the lot in the same condition as it was before the excavation, although plaintiff’s witness testified that it would cost more. Under LSA— C.C. Article 2315, one whose fault causes-, damages to another is obliged to repair it..
All circumstances considered, we feel' that an award of $1,000 is justified by the-record.
In this appeal, plaintiff also seeks to-have an expert witness fee awarded and taxed as costs with respect to Mr. A. J.-Brouillette, a registered land surveyor, who-surveyed the property so as to estimate its original elevations and who testified in behalf of plaintiff. We feel that an expert’s-fee should be awarded under LSA-R.S. 13 :- 3666 and Engle v. Hardouin (1960, Orleans-La.App.), 119 So.2d 510, and accordingly,, the same is fixed at $50 and taxed as costs..
For the reasons herein assigned, the judgment appealed from is amended so as to in-. *559 crease the award to plaintiff to the sum of $1,000.00, and also to allow an expert’s fee of $50.00 to A. J. Brouillette, and as amended, is affirmed.
Costs of this appeal are to be borne by defendant-appellee.
Amended and affirmed.