209 So.2d 603 (1968)
Mrs. Sheba L. Oswald WAPPLER, Plaintiff-Appellee,
v.
Mrs. Georgia Marie Clarke BRAUCHT et vir, Defendants-Appellants.
No. 10976.
Court of Appeal of Louisiana, Second Circuit.
March 4, 1968.
Rehearing Denied April 2, 1968.
Writ Refused May 17, 1968.
Johnston & Johnston, Shreveport, for Mrs. Georgia Marie Clarke Braucht and Glen B. Braucht, defendants-appellants.
John E. Lawhon, Shreveport, for plaintiff-appellee.
Before AYRES, BOLIN and PRICE, JJ.
AYRES, Judge.
This is an action for injunctive relief, mandatory in seeking to require the removal of obstructions primarily in the nature of a brick wall and prohibitory in seeking to prevent the reconstruction or maintenance of any work blocking or impeding the natural and free flow of water from plaintiff's upper estate on, over, and across defendants' lower estate. Coupled with this action is a demand for damages.
There was judgment directing the issuance of an injunction compelling defendants *604 to remove the wall impeding the flow of water from plaintiff's to defendants' property. Plaintiff's demands for damages were rejected. From the judgment, defendants appealed. By answer to the appeal, plaintiff brings up for review the question of damages.
Plaintiff and defendants own adjoining properties in Shreveport. Plaintiff's property bears municipal numbers 252 and 254 Wall Street; defendants', 248 Wall Street. Residences are located on these properties. That of plaintiff is occupied by tenants; that of the defendants serves as their own residence. Plaintiff's property is the upper and defendants', the lower estate within the classification made in LSA-C.C. Art. 660, from which we quote:
"It is a servitude due by the estate situated below to receive the waters which run naturally from the estate situated above, provided the industry of man has not been used to create that servitude.
"The proprietor below is not at liberty to raise any dam, or to make any other work, to prevent this running of the water.
"The proprietor above can do nothing whereby the natural servitude due by the estate below may be rendered more burdensome."
There is a watershed of approximately 25,000 square feet draining easterly from and across plaintiff's property over and across defendants' property. The focal point of the natural drain is a depressed area running easterly through the middle of these two estates and underneath the residences. Both residences, erected on piers, were acquired by their present owners in 1947.
During 1950, defendants constructed a solid brick foundation for their home by filling in the spaces between the outside piers with brick. Farther to the west and on the property line, defendants erected another brick wall about 80 feet in length to a height of a foot or more. The area between the two brick walls was filled with dirt and used for a flower garden. A 4-inch pipe extended from a downspout on defendants' residence through the westerly brick wall and drained onto plaintiff's property. However, at the lowest drainage point on the property, defendants placed a 6-inch pipe through the wall and extended it underneath their residence where, upon emerging from underneath the house, the drain emptied into an open ditch. This 6-inch pipe served not only to drain the water from plaintiff's property but that which had been directed thereon by defendants' downspout.
In the court's decree the brick wall erected at the boundary line between plaintiff's and defendants' respective properties was ordered removed in its entirety, as were the drainpipe and any other obstructions to the flow of water from plaintiff's estate across defendants' property. Defendants were also required to redirect the downspout from the roof of their residence so as not to drain upon plaintiff's premises. The decree directing the issuance of a prohibitory injunction permanently restrained defendants from the construction or maintenance of any obstruction to the free flow of water from plaintiff's property.
We find no basis for a conclusion of error on the general proposition that an upper estate has a servitude of drain on the lower estate; nor do the defendants contend otherwise. The law, and particularly the article of the civil code from which we have quoted, is explicit in that regard. Defendants' position is (1) that the wall erected along the property line does not constitute an obstruction to the drainage of plaintiff's property and (2), should it be held to constitute an obstruction, it was error to require the demolition of the entire wall.
The first of these positions is based upon the proposition that the 6-inch drainpipe through the wall and across defendants' premises afforded an adequate and effective drain. However, from the testimony of a civil engineer, it can only be *605 concluded that the pipe was barely sufficient to permit proper drainage of the watershed area under ordinary and ideal conditions during usual heavy rains. The evidence establishes that, by the least obstruction to the flow of water through the drain by partial stoppage or clogging, the pipe was insufficient to serve the purpose for which it was installed. In those events the wall became an obstruction to the flow of water from the upper to the lower estate.
There is, however, in our opinion, merit in defendants' second contention. If ample provision may be made for the drainage of water from plaintiff's property without the removal of the entire wall, no necessity would exist for its demolition. It abundantly appears from the record that the free flow of water may be afforded without drastic action entailing the removal of the entire wall. A larger drainpipe may be installed or a segment of the wall a foot or two in length might be removed at the lowest point of the drain.
The responsibility for the free flow of water on their property is primarily upon defendants. They are not required, however, to do more than is necessary to accord plaintiff the full right of a servitude of drain which her property possesses upon defendants' lower estate.
Justice, we think, may be done between the parties without requiring the destruction of defendants' entire brick wall. Adequate relief may be granted plaintiff, and defendants' hardship minimized, by the installation of a drainage pipe sufficient in size to properly drain plaintiff's property or the demolition of such a section of the wall as would serve the purpose. We are impressed by the evidence that an 8- or a 10-inch drainpipe or the removal of a 2-foot section of the wall would suffice. However, the responsibility is defendants' to provide and maintain ample facilities for the drainage of water from plaintiff's property to or across their own, and to take additional action should the suggested methods be impractical or prove to be inadequate.
Complaints were made that the present drain became stopped and clogged with tree leaves and other rubbish. It is contended that similar difficulty would likely be experienced with a larger drainpipe. Emphasis has already been placed upon defendants' primary responsibility to provide and maintain adequate drainage facilities. However, plaintiff is not entirely devoid of responsibility for any stoppage where clogging of the drain results from rubbish or other accumulations on her own property.
With respect to damages, it may be pointed out it is not contended that because of the inadequate drainage facility provided by defendants the accumulated water reached the floors or came into plaintiff's residence. It is contended the damage resulted from the softening and undermining of the foundations of some of the piers. Repainting of the house, replacing of the floors, and redoing of the walls were not established to have resulted from any drainage failure for which defendants are responsible. Moreover, the extent of the damages was not established to any degree of certainty. Disallowance of damages was therefore proper.
Plaintiff also complained, in answer to the appeal, of the nonallowance of a fee for the preparatory work performed by the civil engineer for testifying in this cause. Experts are entitled not only to a fee for their appearance in court but also to compensation for their preparatory work. Recreation and Park Commission of East Baton Rouge v. Perkins, 231 La. 869, 93 So. 2d 198 (1957). The litigants agree an award of $50 as an expert-witness fee for appearance in court and $125 for preparatory work is reasonable.
For the reasons assigned, the judgment appealed is amended so as to require defendants, within 60 days from the finality of this judgment, to provide adequate and proper drainage through the brick wall *606 erected by them at the boundary line between their property and plaintiff's property, as well as on, over, and across their property, in lieu of the demolition of the entire wall, and so as to fix and assess as cost the expert-witness fee of John R. Bowman, civil engineer, for attendance in court and for his preparatory work, in the sum of $175; and, as thus amended, it is affirmed.
Defendants are assessed with the costs in the trial court; plaintiff, the costs of the appeal.
Amended and affirmed.