BARNETTE, Judge.
The appeals presently before the court in these ten companion cases are limited to the issue of the fee of the court appointed certified public accountant. The trial court approved a fee of $15,000 which was taxed as costs in the principal suit of these plaintiffs against Barnett Enterprises, Inc. Barnett Enterprises has appealed contending that the fee is excessive and should be reduced substantially.
The present issue arose out of the litigation initiated by the appellees herein as minority stockholders in Barnett Enterprises, Inc., for recovery of the fair cash value of their shares of stock in the corporation. The litigation was precipitated by an amendment to the articles of incorporation of Barnett Enterprises, Inc., in 1961, to which the plaintiffs (appellees herein) objected. Their suit was brought under the then effective provisions of the Louisiana Business Corporations statute, Revised Statutes of 1950, Title 12, Section 52.
After protracted litigation and the accumulation of a voluminous record, the trial judge on November 15, 1968, under the authority of LSA-C.C.P. art. 192, appointed Harry J. Williams, Jr., a certified public accountant, as an expert to assist in the adjudication of the case.
After final judgment was rendered, an appeal was taken to this court; but on the day fixed for hearing, the court was informed that the principal issues had been settled and the hearing on the appeal was continued pending execution of the settlement agreement. The opposition to the fee of the court appointed accountant, Mr. Williams, is the only issue now before us.
Pursuant to * an order ex proprio motu of February 26, 1969, a hearing was had on a rule to fix the accountant’s fee and to tax same as a cost of court pursuant to LSA-C.C.P. art. 192 and LSA-R.S. 13:- *591 3666. After hearing testimony relevant to the subject, the court fixed the fee at $15,000, ordered a judgment to be prepared accordingly, and ordered the amount be apportioned among the ten separate units according to the respective shareholder interests of each plaintiff. An identical judgment was filed in each suit and separate appeals taken. The appeals are consolidated in this court.
At the hearing below, Mr. Williams, who was not then represented by counsel, was called by the court to testify relative to his fee. He was asked by the court to state his fee and to explain how he arrived at it. He responded that his fee was $15,000 based on the number of hours consumed in the work involved at $50 per hour. A detailed time report was filed in evidence in connection with his testimony covering the period from date of appointment to February 24, 1969. It shows the number of hours which he personally devoted to the assigned task and the hours of his administrative assistants and staff accountant. He gave a breakdown as follows:
Williams, 276 hours @ $50 per hour $13,800.00
Administrative Assistant, 103(4 hours @ $8 per hour 828.00
Clerk, 2¿4 hours @ $6 per hour 16.50
Staff accountant, 5 hours @ $12 per hour 60.00
Miscellaneous Expense 295.50
$15,000.00
Louis H. Pilie, a certified public accountant of many years’ experience, testified as an expert in support of the fee charged by Williams. He expressed the opinion that Mr. Williams’ work was of the highest caliber. He said a fee of $50 per hour was in keeping with the high quality of Williams’ work and that in the last year of his practice he charged $50 per hour for his professional services. The only other testimony in the record before us by one qualified to give an opinion on the reasonableness of the hourly rate of pay for certified public accountants is that of Leonard Glade, who had done some accounting work for the plaintiffs in this case prior to trial for $35 per hour. He said that at the time of the trial when Williams’ work was done (1968-69) the hourly rate of pay had increased from $35 per hour which he had charged some years earlier. For the type of work done by Mr. Williams at that time he said he would also charge $50 per hour.
Counsel for Barnett Enterprises, Inc., respondent in the rule, requested and was granted a continuance to bring in an expert to testify on the issue of the reasonableness of the fee. When the hearing was resumed, Mr. Williams was represented by counsel.
The respondent called as its expert Professor Leonard Oppenheim, a distinguished legal scholar and professor of law at Tulane University. Professor Op-penheim made no claim to expert qualifications in the field of accounting, but was accepted as an expert with knowledge of customary fees for court commissioners and arbitrators. His qualifications in these fields are highly regarded. The substance of his testimony is that fees of $100 and $150 per day for experts in his field were generally accepted as reasonable. Counsel for respondent, Barnett Enterprises, Inc., attempted to draw an analogy between a court commissioner and a court appointed accountant, and thus by comparison show the excessiveness of Mr. Williams’ fee. There is no other expert testimony on this subject in the record. We, therefore, hold that the preponderance of testimony as to the hourly rate of compensation supports Mr. Williams’ charge.
There is no testimony in the record to contradict Mr. Williams’ statement of the number of hours which he and his staff devoted to the assigned task. Counsel for respondent, Barnett Enterprises, Inc., at *592 tempted through cross-examination of Mr. Williams to show an excessive number of hours, and by argument, to show that in reality the charge amounts to much more than $50 per hour. It was established that Mr. Williams’ gross income during the fiscal year ending in June 1968 was $60,000 and his net income was $30,000. From this fact it was argued that $15,000 for the time devoted to the assignment is excessive.
The fixing of the amount of expert fees is a matter within the discretion of the trial court, and unless the record on appeal shows a serious abuse of this discretion, the appellate court will not disturb the finding of the trial court. Automatique New Orleans, Inc. v. Capitano, 211 So.2d 757 (La.App. 4th Cir. 1968); State, Department of Highways v. Black, 207 So. 2d 583 (La.App. 3d Cir. 1968); Pittman and Matheny v. Davidge, 189 So.2d 706 (La.App. 1st Cir. 1966) (writ refused, 249 La. 768, 191 So.2d 143 [1966] and 249 La. 771, 191 So.2d 144 [1966] ); White v. American Employers’ Insurance Company, 179 So.2d 542 (La.App. 3d Cir. 1965); State, Department of Highways v. Riley, 143 So.2d 396 (La.App. 3d Cir. 1962).
The principal issue in the litigation was the fair cash value of the stock held by the plaintiffs. Barnett Enterprises, Inc., is a large mercantile corporation with many related interests, a large inventory, real estate, numerous accounts and other assets. We are convinced that the assignment for which Mr. Williams was appointed required a high degree of professional knowledge and experience. The voluminous record of the proceedings below indicates a tremendous amount of detail for study and analysis. Mr. Williams testified:
“I was required to study the testimony, which was over 400 pages long, the briefs of the plaintiffs and the defendants and the replies and memoranda they presented and the various exhibits that were presented. There were 72 exhibits. I had to analyze the data and verify by calculation some of the data, correct some of the data, and then study it for the purposes of arriving at a conclusion.
******
“Well, generally I studied the testimony and the briefs, and the exhibits that were used in the case, and from this I came to a conclusion and prepared a report. That’s as succinct as I can put it. The studying involved acquainting myself with a situation with which I had no acquaintance before, it involved verifying various accounting documents that were in the record, and there were a great number of them, and there were a number of errors that occurred in the testimony and in documents that were presented and these had to be corrected.”
There is no contradiction of this testimony, and we are convinced that it is a fair summation of his work. His written report to the court comprises 50 pages.
We are cognizant of the principle of law cited by counsel for Barnett Enterprises that the fee of an expert witness is not to be based on his own appraisal of his services or in accordance with an agreement with one of the parties litigant but must be fixed by the court in line with expert fees generally for like services. State, Department of Highways v. Black, supra. We find no objection to the court’s asking Mr. Williams to state his charge for services rendered and then to give him an opportunity to give the basis upon which he made the charge and, if necessary, to explain and defend it.
As stated above, counsel for Barnett Enterprises has attempted to draw an analogy with fees of other experts citing cases indicating court approval of fees from $100 to $200 per day. We have examined the following cases cited by counsel and fail to find in them facts and circumstances to justify an analogy with those in this case.
*593 State, Department of Highways v. Black, supra. Appraisers for defendants in an expropriation suit submitted bids of $550 and $750 respectively for preparing for trial pursuant to an understanding with defendant for such payment; in addition they sought payment for testifying in court. The court allowed each of them $250 plus $100 for testifying. The appellate court held the allowance to be reasonable.
Orleans Parish School Board v. Bond, 200 So.2d 411 (La.App. 4th Cir. 1967). This case involved the award of $700 as an expert witness fee for an appraiser in an expropriation suit. The witness had spent 40 hours in preparing his report and two days in court. The amount was fixed by the trial court and we merely held it was not excessive.
State, through Department of Highways v. New Orleans & N. R. Co., 194 So.2d 429 (La.App. 1st Cir. 1966). A fee of $100 per day was allowed expert appraisers for time spent in preparation and in giving testimony in court.
State, Department of Highways v. Babi-neaux, 189 So.2d 450 (La.App. 3d Cir. 1966). A court approved fee for an expert appraiser of $350 to compensate him for three and a half days devoted to preparatory work was increased by the appellate court by $100 for a day in court which the trial judge apparently omitted inadvertently.
Holland v. Coal Operators Casualty Co., 191 So.2d 195 (La.App. 3d Cir. 1966). An allowance of $50 as expert witness fee for an orthopedic surgeon who testified in a workmen’s compensation case which required that he be absent the better part of a day from his office was held inadequate and increased to $200.
Pittman and Matheny v. Davidge, supra. This was a suit for recovery of attorney’s fees resulting from a disagreement between attorneys and client. The trial court allowed expert witness fees of $100 each for two prominent attorneys who testified on the value of the services rendered. The Court of Appeal found this “grossly inadequate” and increased the fees to $200 each in addition to travel expenses. The attorneys spent approximately two hours preparing to testify and lost a day from their respective offices while attending court.
Daigle v. Hardware Dealers Mutual Fire Ins. Co., 165 So.2d 643 (La.App. 1st Cir. 1964). The appellate court affirmed judgment fixing medical expert witness fees at $150 and $100 respectively.
The situations involved in these cited cases are not comparable to that here where the court engaged a professional person to perform a task for the court which only one possessing a high degree of skill peculiar to his profession was qualified to undertake. Here we have the question of payment of a fee for professional services rendered in addition to the appearance in court usually associated with the term “expert witness.”
The fee of $15,000 approved by the trial court in this case is a substantial fee. For that reason, we have carefully considered the testimony and other evidence submitted relevant to the issue. We can find no abuse of discretion by the trial judge. The trial judge who presided over the protracted trial of the principal issues is in a better position to appraise the value of the services of his appointed certified public accountant than we are. Any reduction of the fee would be purely arbitrary and insupportable by the record.
The judgments appealed in the ten consolidated cases apportioning the $15,000 fee of Harry J. Williams, Jr., according to the number of shares of stock of the respective shareholder plaintiffs and taxing same as costs of court are affirmed. Appellant is cast for the costs of these appeals.
Affirmed.