SAMUEL, Judge.
This is a suit by a husband and wife for personal injuries and property damages resulting from a rear end automobile collision. The sole defendant is the automobile liability insurer of the defendant vehicle. Following trial in the lower court judgment was rendered in favor of the wife in the sum of $4,300 for her personal injuries and in favor of the husband as head of the community in the sum of $466.56 for medi *215 cal and travel expenses, property damages and lost wages. In addition, expert witness fees of $100 each were ordered paid by defendant for three of plaintiffs’ witnesses. Defendant has appealed, conceding liability (as it did in the lower court) and contending: (1) The award of $4,300 to Mrs. Polites for her personal injuries is excessive; (2) the trial court erred in allowing a plaintiff recovery of the cost of a narrative medical report rendered by Dr. J. Truman Kerr, a plaintiff physician; and (3) the trial court further erred in granting an expert witness fee to a plaintiff physical therapist.
The accident occurred on August 3, 1967, when the defendant car struck the plaintiff vehicle in the rear while the latter was stopped in a line of traffic in obedience to a stop sign. Damages to plaintiffs’ automobile amounted to $148.29. Mrs. Po-lites was the driver and sole occupant of the plaintiff car. She had seen the defendant car approaching and, realizing an accident was imminent, braced herself for the impact.
Medical evidence relative to her injuries was given by Dr. Charles L. Brown, Jr., her family physician and a specialist in internal medicine, and Dr. J. Truman Kerr, an orthopedic surgeon, both treating physicians. Other testimony regarding the injuries was given by both plaintiffs and Mr. Robert J. Oswald, a physical therapist. There were no other witnesses.
Dr. Brown testified he saw Mrs. Polites the day after the accident. X-rays of the cervical and thoracic spine, the neck and the back were taken and a routine examination was performed. She complained of pain with hyperextension (i. e., bending backward) of the neck and when the head turned to the right. He diagnosed her injury on that date as muscle strain in the neck area as a result of the accident. Medication, a pain reliever and muscle relaxant, was prescribed.
Mrs. Polites phoned him on several occasions complaining of her condition and he recommended hot towels and heat to the area of the pain. She returned on September 20, 1968 complaining of neck pain when turning to the right and under the shoulder blades and a dull aching discomfort in the low back with some discomfort into the right hip area. X-rays of the lumbar and pelvic area were made. He diagnosed her injuries on that visit as strain in the cervical area and sprain in the lumbar spine and referred her to Dr. J. Truman Kerr, the orthopedic surgeon, for evaluation.
Dr. Kerr testified he saw Mrs. Polites on September 21, 1967 with complaints of pain in the low back and upward to the thoracic region and with pain in the neck on rotation to the right. X-rays of the lumbar area were taken and an orthopedic examination performed. He recommended bed rest with the use of bed boards and a firm bed, muscle relaxants and analgesics for pain. She was seen again on October 2, 1967 and continued to have tenderness and some spasm in the right trapezius muscle and reduced motion and flexion and tension of her neck. She returned October 16 and 30 with minor lumbosacral complaints and continued neck problems. On November 13, 1967 her back problems had cleared and physical therapy was recommended for the neck which was carried out under the doctor’s direction by Mr. Robert J. Oswald, physical therapist of the Tulane Medical School Rehabilitation Unit. Massage, diathermy and intermittent cervical traction was ordered. The doctor followed the patient’s progress and discharged her from treatment on December 11 with no pain in the cervical spine, no muscle spasm, and a full range of motion in her neck, although she still complained of pulling sensation in the neck. Doctor Kerr was of the opinion Mrs. Polites sustained a mild strain of the lumbosacral area and a moderate strain of the cervical spine.
Mr. Oswald treated Mrs. Polites on nine occasions between November 15, 1967 and December 11, 1967 following Dr. Kerr’s instructions. He advised the court that diathermy treatment involved heat induced by *216 high frequency current from a particular type of machine into the body tissues. This was administered to the patient’s neck, shoulder and trapezius area. He described the massage treatment as manipulating parts of the body to induce relaxation and improve circulation and decrease tension. This was carried out in the neck and trapezius areas. The therapist stated cervical traction involved the use of a machine or mechanical device which induced a pull or traction to the cervical area necessitating an apparatus that fits across the occiput or back of the head and along the chin area. The patient was in his office for one-half hour for each treatment. This included fifteen to twenty minutes of diathermy, two to three minutes of massage and the balance in traction.
The testimony of plaintiffs is to the effect that Mrs. Polites did not run constantly to the doctor but between visits she consulted him by phone and her husband applied hot wet packs to his wife’s back and cervical area from the time of the accident until the time of trial. She missed work for the first week after the accident and additional time amounting to a total of one week thereafter when she would have to leave the office for treatment or due to severe headaches resulting from the accident. Her back problem cleared after two months but her neck problem was severe during the period of treatment, until December 11, 1967. Although she was discharged on that date, she needs, and continues to use, hot heat packs nightly. She still has shoulder pain which she described as a pulling sensation when turning her head to the right.
On the basis of the medical testimony offered, the trial judge concluded she had suffered a mild lumbosacral strain which lasted for a period of two months and for which he awarded $800 damages, and “a very active, painful cervical strain that lasted slightly in addition of four months”, and for which he awarded the sum of $3,500, thus making a total award to Mrs. Polites of $4,300.
Relative to defendant’s first contention, the accident occurred on August 3, and Mrs. Polites was under medical care for four months. She was injured seriously enough for her treating family physician to recommend evaluation and treatment from an orthopedic specialist, who in turn prescribed physical therapy treatment by a specialist in that field. It does appear, as found by the trial judge, that she underwent severe pain and suffering. He refused to penalize her because she did not see her physicians more frequently and attempted to perform her usual work despite the pain. Accordingly, we do not find the court abused its great discretion in awarding $4,300 for pain and suffering. While the amount might not be what this court would have awarded under the circumstances, we cannot say the award was clearly or manifestly excessive.
We find the second contention, allowing a plaintiff recovery of a narrative medical report rendered by Dr. Kerr also is without merit. Dr. Kerr’s bill of $81 does include a charge of $20 for the narrative report. The trial judge does appear to have used that $81 amount as one of seven items of special damages in reaching the award of $466.56 for such damages. However, those seven items actually total $486.46. Thus, disregarding pennies, the defendant was not cast for the $20 cost of the narrative report.
Defendant contends it should not have been cast for an expert’s fee for -the physiotherapist because he had no medical training and was not called upon to give opinion testimony.
The authority for compensation for expert witnesses is to be found in LSA-R.S. 13:3666 which, inter alia, reads as follows :
“A. Witnesses called to testify in court only to an opinion founded on spe *217 cial study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning and skill required.
B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid ...” LSA-R.S. 13:3666.
The jurisprudence has long established that experts other than doctors are entitled to be compensated for testimony in areas of their specialized knowledge, such as examiners of questioned documents, actuaries, CPAs, engineers, appraisers, surveyors, etc. Their fees are set at the discretion of the trial judge with reference to the value of the time employed, and the degree of skill and learning required. Mc-Kowen v. McCraine, La.App., 244 So.2d 45; State, Through Dept. of Highways v. Donner Corporation, La.App., 236 So.2d 841; Barnett v. Barnett Enterprises, Inc., La.App., 231 So.2d 589; Wappler v. Braucht, La.App., 209 So.2d 603; Engle v. Hardouin, La.App., 119 So.2d 510; Prampin v. Southern Chemical Works, La.App., 65 So.2d 672; Duvernay v. Airey, La.App., 172 So. 815.
Robert J. Oswald holds a Bachelor of Education with a major in Physical Education and is a certified physical therapist from Stanford University. He was a physical therapist at Charity Hospital for three years and at Tulane University for sixteen years. Clearly this is sufficient special study and experience to qualify him as an expert. We note that during his testimony the physical therapist frequently was questioned by the trial judge in the area of the former’s special study and experience in the field of physical therapy. The testimony assisted the court in reaching its determination and in some instances did constitute expressions of opinion. The expert witness award to Mr. Oswald was proper and we do not find the trial judge abused his discretion in fixing the amount thereof at $100.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.