SAMUEL, Judge.
On application of Floyd J. Reed we granted a stay order and then a writ of certiorari to ascertain the validity of an adjudication of contempt and a sentence of twenty-four hours in parish prison and a $100 fine imposed upon him.
A review of the relevant proceedings reflects the following: Relator is attorney for his daughter in a bitterly contested matter in the Twenty-Fourth Judicial District Court between her and Joseph Folse Roy, Sr. over the custody of children born of her former marriage to Mr. Roy’s son, Joseph Folse Roy, Jr. She and Mr. Roy, Jr. were legally separated on July 15, 1968, at which time she was given custody of their two minor children. At a later date the husband obtained a judgment of divorce which was silent as to custody.
The paternal grandfather, Mr. Roy, Sr., then instituted proceedings against the mother for custody of the children. He obtained a default judgment from which no appeal was taken. Following her remarriage, the mother (now Mrs. Warren A. Griffith) filed a habeas corpus proceeding against Mr. Roy, Sr. and a rule to show cause why she should not be granted custody. The grandfather again sought custody by intervention in the rule. After trial of the habeas corpus and rule, judgment was rendered in favor of the grandfather, dismissing the mother’s demands and again granting custody to him.
On appeal that judgment was affirmed by this court,[1] but subsequently the Supreme Court granted writs and reversed.[2] The Supreme Court decree set aside the rule, reversed the judgment dismissing the application for writ of habeas corpus, and ordered the trial court to proceed in that matter. Also involved herein are two applications for writs filed in this Court by Mr. Reed, which we denied, and an application, also filed by Mr. Reed, to the United States District Court seeking removal of the action to that Court, which application was dismissed.
Thereafter, on its own motion the district court set the habeas corpus for trial and, as attorney for his daughter, relator filed a motion to recuse the trial judge. The court denied the motion. In addition, solely on the basis of allegations made in the writ and removal applications as well as in the motion to recuse, which allegations the judge stated were slanderous and false, the court adjudged Mr. Reed guilty of contempt and imposed the sentence of twenty-four hours in parish prison and a fine of $100. Relator seeks to have that contempt judgment annulled and to have his motion to recuse heard and determined by a judge other than the judge whose re-cusal is sought. We will consider the requested reliefs in inverse order.
Basically, the allegations contained in the motion to recuse infer that the judge sought to be recused is a material witness in the cause by virtue of his knowledge of the facts, is interested in the outcome of the case because of his personal friendship with Mr. Roy, Sr. and that his actions and decisions were the result of improper com *869 munications made to him, directly and indirectly, by Mr. Roy, Sr.
Under the pertinent provision of LSA-C.C.P. Art. 154 if “a valid ground for re-cusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing.” As the Twenty-Fourth Judicial District Court has nine judges, LSA-C.C.P. Art. 155 is applicable here. That article reads:
“In a district court having two or more judges, the judge who is sought to be recused shall have the motion to re-cuse referred to another judge of the court for trial, in accordance with the rules of the court.” LSA-C.C.P. Art. 155.
 We note the quoted provision of Article 154 requires referral of the motion to another judge for hearing only when a valid ground for recusation is set forth in the motion. Under our jurisprudence no such referral is necessary when the assigned grounds for recusation are purely frivolous; in such a case the judge may deny a motion for his own recusation.[3] However, in the instant case our conclusion is that the grounds for recusation assigned in the motion are not frivolous or invalid on the face of the pleading. To the contrary, while we certainly do not subscribe to the conclusion that they are true, if the allegations are in fact true, the}' do constitute valid grounds for recu-sation. As stated in the above quoted provision of LSA-C.C.P. Art. 154, under these circumstances the judge is prohibited from both refusing to recuse himself and dismissing the motion; when he does not re-cuse himself he is required to refer the motion to another judge for trial.
We are also of the opinion the contempt judgment must be annulled. It is true that under LSA-C.C.P. Arts. 222 and 223 the use of insulting, abusive or discourteous language by an attorney in a pleading filed with the court in irrelevant criticism of a judge of the court is a direct contempt and in such a case the attorney may be found guilty and punished by the court forthwith without any trial other than affording the attorney an opportunity to be heard orally. In pertinent part those articles read:
“Any of the following acts constitutes a direct contempt of court:

(3) Use of insulting, abusive, or discourteous language by an attorney or other person in open court, or in a pleading, brief, or other document filed with the court in irrelevant criticism of another attorney or of a judge or officer of the court;” LSA-C.C.P. Art. 222.
“A person who has committed a direct contempt of court may be found guilty and punished therefor by the court forthwith, without any trial other than affording him an opportunity to be heard orally by way of defense or mitigation.” LSA-C.C.P. Art. 223.
However, as we have pointed out, in the instant case relator was adjudged guilty of contempt on the basis of allegations contained in his writ applications to this Court, in his removal application to the United States District Court, and in his motion to recuse. The allegations contained in the writ and removal allegations were not punishable by the trial court as contempt; only the respective courts in which the pleadings were filed had such authority. In Johness v. Stoulig, 151 La. 618, 92 So. 137, the Supreme Court of Louisiana held that expressions used in pleadings or argument, oral or written, in the Supreme Court are in the nature of privileged communications as far as the trial court is concerned and if such expressions are reprehensible, the Supreme Court is the proper tribunal to take action thereon. Obviously, that rule applies to the Courts of Appeal and to the Federal Courts as well as to the Supreme Court.
*870 The next question for our consideration is whether the trial judge had the authority to adjudge relator guilty of contempt solely on the allegations contained in the motion to recuse. Keeping in mind the necessity of allowing an attorney wide latitude in the use of what may be necessary language in such a sensitive pleading as a motion to recuse, we are of the opinion that where such a motion is referred to another judge for trial, it is that other judge, and not the judge sought to be recused, who has the authority to decide whether the mover is in contempt and, if so, to punish therefor. As we see the problem, the issue of contempt then addresses itself to the judge who hears the motion just as the issue of contempt addresses itself to the appellate or federal court in which the questioned expressions are used.
For the reasons assigned, the judgment condemning the relator for contempt is annulled, the motion to recuse is remanded to the trial court and the judge sought to be recused is directed to refer that motion to another judge of his court for trial in accordance with LSA-C.C.P. Art. 155.
Reversed and remanded.

. Griffith v. Roy, 256 So.2d 705.

. Griffith v. Roy, 263 La. 712, 269 So.2d 217.

. gee State v. Simone, 154 La. 73, 79 So. 302; State v. Banta, 122 La. 235, 47 So. 538.