DOMENGEAUX, Judge
(concurring in part and dissenting in part).
I agree with the majority opinion insofar as it denies the plaintiff damages for crop losses allegedly due to the levee structure causing water to “back up” and flood a portion of the lands leased and owned by him. There is simply a lack of evidence showing that such occurred.
I disagree, however, with the denial of plaintiffs claim for removal, at least in part, of the levee system. In my opinion it is clearly an obstruction to the natural servitude of drain owed by defendant’s estate to adjacent lands (including the plaintiff’s).
Louisiana Civil Code Art. 660 provides in part: “It is a servitude due by the estate situated below to receive the waters which run naturally from the estate situated above . . .”
As pointed out by our Supreme Court in Poole v. Guste, 261 La. 1110, 262 So.2d 339 (1972), Art. 660 contemplates a natural servitude of drain along particular points of a boundary between lands, attaching where one estate is upper to the other and drainage results over the latter. See 33 La.L.Rev. 175 (1973).
The record herein reveals, without a doubt, that prior to 1973 much of the 40 acre tract owned by plaintiff (in addition to portions of the lands leased by him to his South and the Lester Fogleman property) drained naturally in a Northeast direction and onto defendant’s property along the western boundary. This is testified to by the defendant himself, (T. 366) ; David Stelly, a surveyor who prepared elevation maps, (T. 128); Morgan Goudeaux, a civil engineer, (T. 143-4); Avie Gremillion, a land surveyor, (T. 150-1); Lester Fogle-man, (T. 205); Goerge Rolen, an area resident, (T. 191); two other area residents, Dallas Hagger (T. 225-6), and Hershell Hagger, (T. 232-3); in addition to the plaintiff. Defendant further stated that one purpose of the levee was to keep said water off of his land.
The trial judge, however, found that if water did flow onto defendant’s lands from those owned and leased by the plaintiff, such drainage was inconsequential. Assuming arguendo, this was so, I find no jurisprudence supporting a test of “the amount of drainage” as a determinative factor of whether the legal servitude is due. If an upper estate naturally drains onto a lower estate the Civil Code provides simply that “It is a servitude due .” Art. 660. Nevertheless, in my opinion the record reflects “substantial” or “consequential” drainage to be present herein. The defendant testified that he constructed the drainage ditch on or near his western boundary, outside his levee system, in order to take care of the water formerly coming onto his land and divert it to the swampland area to the south. The diversion ditch is approximately twelve feet wide and several feet in depth. Testimony reflects, and the trial judge so recognized, that the drainage ditch has overflowed a number of times since its construction. Lester Fogleman testified that the levee cut off normal drainage, “holds water back” on his property since erection, and that no such trouble was experienced before the levee’s construction. Another local resident stated that the levee practically stopped all flow of water and caused water to accumulate in areas outside of the former swamp area. Plaintiff’s son indicated that on one occasion three feet of water was standing on the western side of the levee.
The trial judge further concluded that defendant was fulfilling his duty by divert *783 ing the water to its natural destination. The fact, however, remains that the water coming onto defendant’s land at his western boundary does not entirely end up at its original destination. The record clearly reflects that much of the former drainage, prior to the erection of the levee in 1973, would have flowed to the North through the canals constructed between defendant’s eastern boundary line. This drainage system had in effect been used by plaintiff; his ancestors in title, neighbors of the defendant, etc., for many years previous to the levee construction.[1]
For these reasons I would reverse that part of the judgment denying plaintiff’s claim for removal of the levee and order that the defendant provide adequate and proper drainage through the levee system built by him, in lieu of destruction of the entire levee. See Wappler v. Braucht, 209 So.2d 603 (La.App. 2nd Cir. 1968).
I respectfully concur in part and dissent in part.

. This finding would pretermit a determination of the question of whether defendant could have constructed and used the levee, even though it obstructed the natural servitude of drain, if the drainage ditch had actually carried the water formerly flowing on the property to its natural destination.