348 So.2d 1328 (1977)
WM. T. BURTON INDUSTRIES, INC., Plaintiff-Appellee,
v.
Ellis BUSBY, Defendant-Appellant.
No. 6088.
Court of Appeal of Louisiana, Third Circuit.
August 9, 1977.
*1329 Camp, Carmouche, Palmer, Carwile & Barsh, by Joseph A. Delafield, Lake Charles, for plaintiff-appellant.
Roy B. Tuck, Jr., Leesville, for defendantappellee.
Before HOOD, DOMENGEAUX and WATSON, JJ.
HOOD, Judge.
This is a petitory action instituted by William T. Burton Industries, Inc., against Ellis Busby. Plaintiff seeks to be recognized as the owner of an 80-acre tract of land in Vernon Parish. Busby reconvened, claiming ownership by 30 years acquisitive prescription of 20 acres of the tract described in plaintiff's petition. Judgment was rendered by the trial court recognizing Busby as the owner of 9.29 acres, and recognizing Burton as the owner of the remainder of the 80-acre tract claimed by it. Plaintiff Burton appealed. We affirm.
On this appeal, plaintiff does not question the correctness of the trial court judgment insofar as it recognizes defendant as the owner of a part of the subject property and recognizes Burton as the owner of the rest of it. Plaintiff contends, however, that the trial judge erred (1) in refusing to recuse himself from the trial of the case; and (2) in allowing an expert witness fee of $380.00 for the land surveyor who testified at the trial, and in taxing that fee as costs.
This case was tried on January 5, 1977, before Honorable Ted R. Broyles, one of the judges of the Thirtieth Judicial District. After it was called for trial, but before evidence was produced, counsel for plaintiff made an oral motion in open court that Judge Broyles recuse himself, stating that the motion was based on the judge's "prior involvement in other matters with Burton Industries and in order to possibly avoid any appearance of bias." Judge Broyles denied that motion, assigning as reasons for doing so that the motion was not made in writing, and that it was not filed prior to trial or hearing.
No evidence was introduced to support the motion to recuse. We gather from the record and from the arguments of counsel, however, that prior to the date of trial all orders were signed and all judicial determinations in this case were made by Honorable Stuart S. Kay, a judge of the Thirtieth Judicial District. Judge Kay died before the case came up for trial, and he was succeeded by Judge Broyles, before whom the case eventually was tried.
Prior to the time Judge Broyles assumed his judicial office, he served as attorney for a party, presumably the defendant, in a similar suit which had been instituted by W. T. Burton Industries, Inc. The record does not show when Judge Broyles assumed his present office, or when he served as attorney in the other case, what the status of that case was when the instant suit came up for trial, whether that suit and the present one are related in any way, or whether the judge has any interest in the present suit. There is nothing in the record or in the evidence produced at the trial of the instant suit, so far as we are able to determine, which tends to connect it with any other case.
In denying the motion to recuse, Judge Broyles stated: "Of course, I was the attorney in one other matter, I assume that's what you're referring to, Mr. Clarkson, the Morrison case. . . . But as far as I know, this isuh, no property is connected or anything else, is that correct?" He observed that under LSA-C.C.P. art. 154 a motion to recuse must be filed "prior to trial or hearing, unless the party discovers the facts constituting the ground for recusation thereafter," and that "the motion which was made in this case was made orally, made even after a pre-trial conference, as the record will indicate."
Article 151 of the Louisiana Code of Civil Procedure, which sets out the grounds for recusing a judge, provides in part that:

*1330 "Art. 151. Grounds. A judge of any court, trial or appellate, may be recused when he:
"(1) Is a material witness in the cause;
"(2) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause;
"(3) Has performed a judicial act in the cause in another court;
"(4) Is the spouse of a party, or of an attorney employed in the cause; or is related to a party, or to the spouse of a party, within the fourth degree; or is related to an attorney employed in the cause, or to the spouse of the attorney, within the second degree; or
"(5) Is interested in the cause."
LSA-C.C.P. art. 154 sets out the procedures for recusation. It provides:
"Art. 154. Procedure for recusation. A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing."
Plaintiff does not allege any of the first four grounds for recusation set out in Article 151. It alleges only the fifth ground, that is that the trial judge "is interested in the cause," and it claims that for that reason plaintiff is entitled to have the judgment appealed from reversed and the case remanded with instructions for the trial judge to recuse himself, all pursuant to the provisions of LSA-C.C.P. art. 151(5). It also argues that even if no grounds for recusation exist under LSA-C.C.P. art. 151, the trial judge nevertheless should have recused himself in order "to avoid any appearance of bias and impartiality," as provided in Canon 2 of the Louisiana Code of Judicial Conduct.
Burton argues that a valid ground for recusation was set out in the oral motion made by counsel early in the trial, and that in view of that motion it was incumbent upon the trial judge either to recuse himself or at least to refer the motion to another judge for a hearing as provided in LSA-C. C.P. art. 154.
We have decided that the oral motion made by plaintiff did not set forth "a valid ground for recusation," as required by LSA-C.C.P. art. 154. The only ground stated in the oral motion was that it was based on the judge's "prior involvement in other matters with Burton Industries and in order to possibly avoid any appearance of bias." In our opinion those allegations are too vague and indefinite to constitute a valid ground for recusation.
Since the oral motion made by plaintiff did not set forth a valid ground for recusation, there was no need for the trial judge to refer the motion to another judge for a hearing. LSA-C.C.P. art. 154; Roy v. Roy, 285 So.2d 867 (La.App. 4 Cir. 1973).
Although the motion to recuse does not allege a valid ground for recusation, we nevertheless have considered all of the facts which are shown in the record or which may be inferred from the arguments of counsel, and we have concluded that those facts do not warrant a holding that the trial judge erred in refusing to recuse himself.
The burden of proof rests on plaintiff in the instant suit to establish facts and circumstances which will justify a conclusion, or at least an inference, that the trial judge is interested in the cause. The law does not prescribe a test which should be applied in determining whether the trial judge has such an interest. Each case must be examined on its own facts, therefore, to determine whether there should be a recusation. State, Department of Highways v. McDonald, 329 So.2d 898 (La.App. 2 Cir. 1976).
*1331 In the instant suit plaintiff concedes that the trial judge acted fairly and impartially. It stated in its brief that "Burton has no basis for contending and does not contend that the trial court acted unfairly or with partiality."
The fact that the trial judge, while in private practice before assuming his judicial office, handled a similar but entirely separate case against one of the parties to the instant suit does not make the judge "interested in the cause." See State, Department of Highways v. McDonald, supra; McNeill v. Continental Casualty Company, 244 So.2d 693 (La.App. 4 Cir. 1971); Ray v. Bird & Son, Inc., 323 So.2d 904 (La.App. 2 Cir. 1975).
There is no merit to plaintiff's argument that the refusal of the trial judge to recuse himself in this case gives the appearance of bias and impartiality. Even if the action of the trial judge should be considered as giving the appearance of impropriety, that circumstance alone will not ordinarily constitute a ground upon which a litigant could demand recusation.
We conclude that plaintiff failed to establish that Judge Broyles is interested in the cause. The trial judge did not err, therefore, in refusing to recuse himself in this case.
We turn now to the question of whether error was committed in the awarding of an expert witness fee.
Mr. Charles C. Wise, a registered land surveyor, testified in behalf of defendant Busby. Prior to the trial, Wise surveyed the property and prepared two plats of his surveys. He then testified at the trial as to his findings and as to the results of those surveys. Both of the plats prepared by him were introduced in evidence, and they provide the only means by which the property belonging to each party could be identified and described. Wise also testified that he charged Busby $180.00 for making the surveys, and that his usual charge for appearing in court was $200.00 per day.
The trial judge fixed expert fees for Wise in the amount of $380.00. The fees were assessed as costs and Burton was condemned to pay all costs.
Plaintiff contends primarily that the trial judge erred in allowing any expert witness fees at all for Wise, and alternatively, it contends that the amount allowed for such fees is excessive.
LSA-R.S. 13:3666 provides:
"§ 3666. Compensation of expert witnesses.
"A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
"B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
"(1) from the testimony adduced upon the trial of the cause, the court shall determine the amount thereof and include same or,
"(2) by rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause. As amended Acts 1960, No. 114, § 1."
Burton takes the position that additional compensation is due only when an expert witness has been called to give opinion testimony. It contends that in the instant suit Wise testified merely that he had made a survey and prepared a plat. He was not called upon to express an opinion on any issue. Plaintiff argues that under those circumstances, the trial court erred in allowing an expert witness fee for his testimony.
*1332 The surveys made by Wise, and the plats which he prepared of those surveys, show the 9.29-acre tract of land which is actually at issue here. The plats give the exact location of the land with reference to section lines and existing fences. Those plats and the testimony of the surveyor show the purposes for which each part of the subject property has been or is being used, how much of it has been enclosed, and they give an accurate description of the property. The tract in dispute is irregular in shape, and it is not likely that the boundaries of that tract could have been located accurately by a layman.
Wise was tendered as an expert surveyor at the trial, and plaintiff accepted him as such. He made a scientific or professional examination of the property, and he stated the results of that examination, all within the meaning of LSA-R.S. 13:3666. He obtained the information which he conveyed to the court by the exercise of his professional training and skill, and as a result of the preparatory work he performed prior to the trial. This is a title suit, and it is essential to a proper disposition of it that an accurate description of the property be obtained. We think such a description could not have been provided by a layman. Under those circumstances we find that the trial court was authorized and justified in fixing an expert witness fee for the surveyor. See Joseph v. Netherton Company, 136 So.2d 556 (La.App. 3 Cir. 1962); Wappler v. Braucht, 209 So.2d 603 (La.App. 2 Cir. 1968); State, Department of Highways v. William T. Burton Industries, Inc., 219 So.2d 837 (La.App. 3 Cir. 1969); McKowen v. McCraine, 244 So.2d 45 (La. App. 1 Cir. 1971); Prampin v. Southern Chemical Works, 65 So.2d 672 (La.App.Orl. 1953).
Plaintiff complains about the amount which was awarded as the expert witness fee of the surveyor
The fixing of expert witness fees lies within the sound discretion of the trial court, and his judgment as to the amounts of those fees will not be disturbed unless there has been an abuse of that discretion.
Williams v. Harvey, 328 So.2d 901 (La.App. 4 Cir. 1976); Polites v. Millers Mutual Fire Insurance Company of Texas, 267 So.2d 214 (La.App. 4 Cir. 1972).
The amount fixed as the fee of the land surveyor in this instance appears to us to be high. We have concluded, however, that it is within the realm of the discretion of the trial court, and we thus will not disturb his judgment in that respect. We find no error in taxing the expert witness fees as costs. LSA-R.S. 13:3666, subd. B; LSA-C.C.P. arts. 1920 and 2164; Joseph v. Netherton Company, supra; Wappler v. Braucht, supra; McKowen v. McCraine, supra.
Our ultimate conclusion is that the judgment rendered by the trial court is correct.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.